STATE *ex rel.* POTTER, Atty. Gen., *v.* BOARD OF SUP'RS OF PIKE COUNTY.

(Division A. Dec. 3, 1923.)

[98 So. 101. No. 23657.]

MANDAMUS. *Discretion of supervisors as to appointment of assistants for county superintendent of tick eradication cannot be controlled by mandamus.*

Under section 1, chapter 167, Laws of 1916, the persons to be appointed to assist the county superintendent of tick eradication and the number thereof are subject to the approval of the board of supervisors; the discharge of which duty by the board requires the exercise of judgment and discretion, and cannot be controlled by a writ of mandamus.

APPEAL from circuit court of Pike county.

HON. E. J. SIMMONS, Judge.

Petition for mandamus by the state, on the relation of C. D. Potter, attorney-general, against the board of supervisors of Pike county. From a judgment sustaining a demurrer to the petition, relator appeals. Affirmed.

*Thomas Mitchell* and *H. T. Odom,* Assistant Attorney-General, for appellant.

The petition avers that the board of supervisors, the appellee herein, had failed and refused to carry on the work of tick eradication under and by virtue of chapter 167, Laws of 1916, and under our form of pleading this averment is enough to compel the issuance of the writ, as prayed for in the petition.

Section 5, chapter 167, Laws of 1916, recites among other things: "And it shall be the duty of the state live stock sanitary board to see that the county inspectors discharge the duties imposed hereunder, and carry out the provisions of this chapter and said board may require the county prosecuting attorney or district attorney in this state to institute suits, civil or criminal, for the purpose of carrying out the purposes of this act, and any person or officer charged with any duty, under this act, may be compelled to perform the same by mandamus injunction or any other appropriate remedy."

If chapter 167, Laws of 1916, means anything at all, it is perfectly clear that said chapter means that the work of tick eradication must be carried on properly and conducted successfully and in order to do so, every person and board therein named must perform their full duty, and must give the work their hearty co-operation, but in this case, as is shown by the petition for writ of mandamus, the appellee failed and refused to do so, although required to do so by the state-wide law.

If the board of supervisors, the appellee herein, fail and refuse to perform their duty imposed upon them by law by refusing to allow the inspector sufficient assistants or helpers then they are doing indirectly what the law says they cannot do directly.

The supreme court of Mississippi, speaking through Justice HOLDEN has said: "The purpose of the law, which had already cost the taxpayers a great sum of money in the past several years, was to free our state from the fever tick and thereby benefit our stock and promote the stock industry to the extent of making it profitable, like it is in other states which are tick free. . . .

"The law must be uniformly observed by all the counties infested with the tick; otherwise a single county, here and there, may become infested with ticks, which will spread to adjoining counties, and in the course of time defeat the whole purpose of the tick eradication law. 95 So. 683."

Section 2, chapter 167, Laws of 1916, seems to make it mandatory upon the board of supervisors to provide the necessary funds to carry out the work of tick eradication. The discretion as to whether this work of tick eradication shall be continued, has been, in my judgment, placed by the legislature with the Mississippi live stock sanitary board.

The lower court in sustaining the demurrer to the petition went on an erroneous idea that it was a judicial act of the board of supervisors and not a ministerial or administrative act, but the supreme court of Mississippi has said: "It should be noted further that the legislature in 1916, passed a state-wide tick eradication law in which all discretion was removed from the board of supervisors as to whether dipping should be conducted or not." *Norton* v. *Lincoln County,* 116 Miss. 813, 77 So. 796.

And again in the case of *Supervisors* v. *Melton,* 86 So. —, the supreme court said: "That the orders of the board of supervisors fixing the pay of inspectors, accepting bids for chemicals, and appointing and fixing the salaries of

Sept., 1923] State ex rel. Potter *v.* Board of Sup'rs. 565

133 Miss.]                         Brief for appellee.                .

assistants were not judicial orders, but were merely administrative orders," and in the light of this decision, and in view of the similarity, by analogy, of the question at bar as to whether or not the appellee had judicial power or ministerial power or administrative power, we refer the court to the case of *Norton* v. *Lincoln County, supra,* and *Supervisors* v. *Melton,* supra.

It is our understanding that a ministerial duty, the performance of which may, in proper cases, be required of the board of supervisors, by judicial process, is one in respect to which nothing is left to the discretion.

*J. B. Sternberger,* for appellee.

No specific facts or circumstances are alleged in the petition, as would call for a writ of mandamus to compel the board of supervisors to act, in the matter of carrying into effect the state-wide dipping law. The sole thing complained of is the want or need of two more helpers or assistants to the inspector. About that the judgments of good men might differ, and the supervisors be as near right, or more so, than the agent of the bureau of animal industry, with all due respect, who made the demand.

There is nothing in the language of chapter 167, Laws of 1916, to indicate that the selection and employment of these helpers is a simple ministerial function on the part of the supervisors, in which they are to exercise no judgment or discretion; that all the law requires of them is to employ such number and fix such salaries as the inspector might demand of them.

It is well-settled doctrine that mandamus does not supersede legal remedies, but supplies rather the want of a legal remedy. Under section 2533, Hemingway's Mississippi Code, mandamus lies only where there is no plain, adequate and speedy remedy in the ordinary course of law. That the party or parties aggrieved by the decision of the board of supervisors in refusing to allow the two

extra helpers could and should have appealed from the board's decision to the circuit court, under section 60 of Hemingway's Code, is perfectly plain.    Evidence showing the need of the extra help should have been adduced before the board and embodied, with the board's decisions in a bill of exceptions, and the case heard and determined in the circuit court, that court rendering such judgment as the board should have rendered in the premises.

In *Robinson* v. *The Board of Supervisors of Itawamba County,* 105 Miss. 90, it was sought to control the board's discretion in issuing road bonds, and this court held that the road commissioners had an adequate remedy by appeal, and mandamus did not lie to control the board in the exercise of that discretion in any particular way.    See, also, *Pearl River Co.* v. *Lacey Lbr. Co.,* 128 Miss. 885; *Lemon et al.* v. *Peyton et al.,* 64 Miss. 161, 50 Miss. 638, *supra.*

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment sustaining a demurrer to and dismissing a petition for a writ of mandamus.

The petition alleges, in substance, that with the appellee's approval five assistants to the county superintendent of tick eradication have been appointed, but that this is an insufficient number for the work required of them, and prays that the appellee be directed to appoint a sufficient number therefor under the provisions of chapter 167, Laws of 1916.    It appears from an exhibit filed with the petition that the number of additional assistants desired by the superintendent is two, and that his request therefor was passed on by the appellee and denied by an order entered in its minutes.

Section 1 of chapter 167, Laws of 1916, provides that the county superintendent of tick eradication—"shall have, upon the recommendation of the board of supervisors, the

power to select such assistants as may be necessary for the proper and successful conduct of such work of tick eradication, the selection of said assistants to be approved by the board of supervisors, and the salaries to be fixed by the board of supervisors of the county."

The evident meaning of this language is that both the number of assistants to be appointed by the superintendent and the persons appointed by him as such shall be subject to the approval of the board of supervisors. The discharge of this duty requires the exercise of judgment and discretion on the part of the board. In such a case mandamus will not lie to control the judgment or order which the board should enter, but only to compel it to act, and this the appellee did when it declined to approve the appointment of the additional assistants which the tick eradication superintendent desires.

We are not confronted with, and express no opinion on, a case in which the superintendent has not been allowed any assistants at all, but with a case in which there is simply a difference of opinion between the board and the superintendent as to the number of assistants necessary. The court below committed no error in sustaining the demurrer.

*Affirmed.*