W. L. CLAYTON *v.* A. J. MCWILLIAMS, County Treasurer.

1. MANDAMUS—COUNTY WARRANT.—The Code required the order of the board
directing the issuance of a warrant to be recorded, but it need not be stated in the
warrant.   Code 1857, p. 416; Code 1871, § 1361.

2. SAME—CONFEDERATE MONEY,—The warrant was issued in 1864; payment can
only be required for the equivalent of Confederate money at the date of the war-
rant, in lawful currency.

3. JURISDICTION OF THE CIRCUIT COURT, IN CASES OF MANDAMUS.—In proceedings
by *mandamus*, the circuit court is not authorized to ascertain the difference in value
indicated; when anything remains to be done, or fact to be ascertained, relief cannot
be afforded by *mandamus*.   Board of Police v. Grant, 9 S. & M., 90; Swan v. Work,
24 Miss., 439.

Error to the circuit court of Itawamba county.   Hon. B.
B. BOONE, Judge.

A full statement of the case is given in the opinion of the
court.

*Sale and Dowd,* for plaintiff in error :

Filed an elaborate brief, in which they cite the following
authorities:   Rev. Code, 1857, § 16; Rev. Code, 1871, §
1363;   Rev. Code, 1857, p. 419, art. 33;   Rev. Code, 1871, §
1383 ;   Carroll v. Tishomingo co., on pp. 48, 49 of the case;
Board of Police of Attala county v Grant, 9 S. & M., 90;
People v. Supervisors Queen co., 1 Hill, 195–199; People v.
Lawrence, 6 Hill, 244, 245–6; Rev. Code, 1857, 419, art. 31,
32; Rev. Code, 1871, §§ 1380, 1381; Moses on Mandamus, 59,
and cases cited as to a sheriff, Iden., 92, 99, 100; Swan v.

Buck, 40 Miss., 268, 290–1, Const., 1832, art. 4, § 20; Yalobusha co., v. Carbrey, 3 S. & M., 529; Ross v. Lane, 3 S. & M., 695; Breamon v. Leake co., 42 Miss., 237; Wall v. Wall, 28 Miss., 499; Wood v. Harper, 24 Miss., 517; Smith v. Bradley, 6 S. & M., 179.

*Harris & George,* for defendant in error:

On the coming in of the answer, the petitioner moved for a peremptory *mandamus,* which was refused and the petition dismissed.

The second ground of defense set up in the answer, appears to be a very good reason why the treasurer should not pay the warrant. The application for the *mandamus* was not made for nearly eight years after the issuance of the warrant, and this of itself, under legal rules, should prevent the courts granting the writ. But to consider the second ground more particularly, the warrant was issued at a date when the State was engaged in the late civil war, and when there was no other currency in existence here than Confederate treasury notes, which were then greatly depreciated. All contracts and dealings then made, were made with reference to that currency, and were presumed to be payable in it.

This is the rule of our statute, as well as the conclusion reached by the court, where there is no statutes. But it is insisted that this is a judgment, and the rule has never been applied to judgments rendered in courts of the Confederate States. We can perceive no good reason why such a difference should exist. The reason why "dollars," as used in transactions in the south, is held to be Confederate dollars, is, that that currency was the sole currency, and that all the dealings of the people were made in reference to it.

The reason applies as forcibly, we submit, to judgments of courts, except where the cause of action, on which judgment is based, shows the contrary.

A judgment is nothing more than the contract on which it is based, in another shape, with the further attribute, that it is conclusive of all defense which might be urged against

the contract, and the judgment lawfully to be enforced by execution. If the judgment were rendered on a contract which the law would presume was payable in Confederate money, then it would be difficult to show that it was not so payable, and if the cause of action did not appear, then the judgment should be construed as all other dealings of the people. This is peculiarly so with reference to a mere appropriation by the board of police.

It is true that an order of the board, allowing a claim against a county, is in some sense a judgment, and precludes the board from afterwards disputing it, yet it is in a certain sense a mere contract to pay that amount.

But what renders this perfectly clear in this case, is this : The statute of the State in force then, provided only for the collection of this depreciated currency for county and State taxes. This warrant was a mere order to the treasurer to pay so much of this currency, which, by law was provided to be in the treasury, as the warrant calls for, when the statute provided for this currency alone to be paid into the treasury. A party taking an order on the treasury must be understood as agreeing to take pay in that currency which the law provided should be in it. The warrant was payable immediately, and the holder will not even be heard to say that he will have it in currency worth ten times more than what was appropriated.

This consideration seems to be so clear, that we do not deem further argument necessary; but if this were a matter of doubt, then the petitioner had not a clear legal right, and has no right to a *mandamus.*

TARBELL, J., delivered the opinion of the court:

*Mandamus* to compel the treasurer of Itawamba county to pay a warrant issued by order of the board of police of that county. The warrant bears date November 8, 1864, for the sum of $75.00, and recites that it is issued for a pauper claim. The treasurer, for answer to the petition for the writ,

says he ought not to pay the warrant for the following reasons:

1. That the warrant does not show that it was issued by the clerk "by order of the board."

2. That the warrant was issued in contemplation of payment in Confederate money.

3. That at the date of the issuance of the warrant the board of police of Itawamba county was acting under the authority of the State, which was then in insurrection and rebellion to the lawful government, and the warrant was therefore illegal and void.

This proceeding was instituted in March, 1872, a period of nearly eight years subsequent to the issuance of the warrant. The statute of limitations is not interposed, and the case must be disposed of on the issue made by the parties.

The first point made by the answer is untenable. The Code requires the orders of the board to be recorded, but it need not be stated in the warrant. In the absence of any adjudication to the contrary, and upon the letter of the statute, Code of 1857, p. 416, art. 14, and Code of 1871, § 1361, it would seem to be sufficient if an order allowing an account or claim, be actually made by the board, and recorded, without repeating it in the warrant. The letter and the intent of the statute are doubtless complied with, if there is an order in fact, duly recorded, authorizing the issuance of the warrant.

The second objection made by the answer to the payment of the warrant, is well taken. Payment can be required only for the equivalent of Confederate money at the date of the warrant, in lawful currency. In this proceeding, however, the court is not authorized to ascertain the difference in value indicated. When anything remains to be done, or fact to be ascertained, relief cannot be afforded by *mandamus*. It follows that the writ was properly refused. Board of Police v. Grant, 9 S. & M., 90; Swan v. Work, 24 Miss., 439; and cases therein cited.

As to the third objection, the support of the poor is a laudable object, not perceived to have any connection with the prosecution of the war. Pursuing the general tenor of the adjudications of the Supreme Court of the United States, and of this court, the payment of the warrant exhibited with the petition, in view of its consideration, would seem to be, upon the record as it stands, allowable, though demands upon the present government for payment of claims arising between 1861 and 1865, are viewed with scrutiny, and have generally been disallowed. Files v. McWilliams, MSS. Op.; Buck v. Vassar, 47 Miss., 551 ; etc.

If any special facts exist, not set forth in the answer, they should be so stated to be entertained by the courts. The case is necessarily tried on the issues presented by the pleadings.

The judgment was that the motion for peremptory *man-damus* be overruled, and that the petition be dismissed, which was technically correct.

Judgment affirmed.