## PEARL RIVER COUNTY V. LACEY LUMBER CO.

[91 South. 374. No. 22541.]

MANDAMUS. *Will not lie to compel board of supervisors to issue warrant in payment of claim for refund of taxes allowed by auditor and attorney general.*

Although the auditor and attorney general, acting under the provisions of section 4346, Code 1906 (section 6980, Hemingway's Code), have allowed a claim for a refund of taxes erroneously paid into the county treasury, mandamus will not lie to compel the board of supervisors to issue a warrant in payment of such claim, since, under the provisions of section 311, Code 1906 (section 3684, Hemingway's Code), the claimant has a plain, adequate, and speedy remedy in the ordinary course of law.

APPEAL from circuit court of Pearl River county.

HON. G. WOOD MAGEE, Special Judge.

Petition for mandamus by the Lacey Lumber Company against Pearl River County. Judgment directing issuance of writ, and defendant appeals. Reversed and dismissed.

*Parker & Shivers,* for appellant.

Appellant's position is that after the auditor and attorney-general certified this claim to the board of supervisors, that it remained a claim against the county to be presented as the law required any other claim against the county, and to be allowed or disallowed, and proceeded with generally, as any other claim is required under the law, to be dealt with, by the board. We may be mistaken in our position, but we feel that this court has settled that question when it held in its former opinion in this case that the action of the attorney-general and the state auditor was not final, was not mandatory, as against the board of supervisors, that the board still had the right and it was the board's duty to the public, to contest this claim so long as they in good faith believed they had a good de-

fense thereto. We don't feel that the language of the court in this case is susceptible of any other construction.

We think that counsel for appellee confuses in his mind the question as this court has already announced, that there exists a question as to liability; and that this claim has nowhere assumed the form or effect of a judgment. We submit that when counsel say that the board of supervisors did not act judicially when it disallowed this claim, he clearly overlooked the many announcements of this court on this subject, and we, with respect, invite the court's attention to the following cases on this point: *Yalobusha County* v. *Canby,* 3 S. & M. 529; *Ross* v. *Lane,* 3 S. & M. 695; *Arthur* v. *Adam,* 49 Miss. 404; *Carroll v. Board of Police Tishomingo County,* 28 Miss. 38; *Board of Supervisors* v. *City of Brookhaven,* 51 Miss. 71.

Authorities from our own supreme court without limit could be cited on this question. *Board of Police* v. *Grant,* 9 S. & M. 77; *County of Yallobusha* v. *Carby,* 3 S. & M. 529.

Section 311 of the Code of 1906 provides the method known to the law for the judgment of the board of supervisors to be reversed, or vacated. Counsel relies on case of *Board of Supervisors* v. *Weatherford,* 75 So. 114, to see that the case has no hearing on the facts presented by this record.

Counsel cites the case of *Clarke et al* v. *Board of Trustees, etc.,* 117 Miss. 234, and relies with much confidence on said case, as deciding the issue presented by the case at bar. This case nor the case on which it is based, to-wit, *Hobs* v. *Germany,* 94 Miss. 469 — So. 515, are applicable to the facts and the law, of this case for the reason that the appeal referred to by the supreme court in said case was and is an appeal to the school trustees, superintendent of education and the state superintendent. The court expressly announced in the case of *Clarke* v. *Trustee, et al., supra,* that the officers to which this appeal was allowed by statute was necessarily administrative officers, their

acts were not judicial, and could not be under our juris-
prudence, therefore mandamus would lie.

This is not true in reference to section 311 of the Code of
1906. The appeal there provided and the suit therein au-
thorized as well as the suit authorized in section 309, Code
of 1906, is an appeal to or a suit in a court where the mat-
ters can be judicially determined as this court so appro-
priately held in the *Clarke case, supra.*

For the same reason, the case relied on by appellees to-
wit: *Moreau* v. *Grandich,* 114 Miss. 561, does not apply.
Counsel for appellee contends that appellee had the right
to elect its remedy. We say this is true so long as it elect-
ed as between an appeal from the order of the board of
supervisors, disallowing its claim and a straight original
suit against the county, as provided in sections 309 and
311 of the Code of 1906, but its right of election is limited
to one of these remedies if appellee's contention is cor-
rect, that mandamus will lie in this case, then it will lie
in any case, where a party has a claim against a county.
And we no longer need sections 309 or 311 of the Code
of 1906. These sections can become a dead letter on the
book and counties from this day hence may expect their
officers to be narrowed down in their defenses to claims
against the county to the narrow defense admitted in man-
damus proceedings.

On a careful reading of the other cases cited by counsel,
it will clearly appear, that our position as announced in
our original brief in this case, towit: that when a claim
against a county had reached the stage, that there is no
longer discretion left to the board of supervisors, had been
allowed, became a judgment, so that the warrant either
had issued or must issue, then mandamus would lie, is
supported by these cases, and they hold no more nor less
than this.

This court said in its former opinion that the board
could defend this cause. This court's announcement be-
came, was, and is the law of the case. The lower court
should have abided by the directions of this court in its

former opinion. It refused to abide this court's direction, therefore it is necessary for us to again bother this court with this case.

Counsel for appellee says that irrespective of the procedure in this case, whether by mandamus or otherwise, that appellant made its defense and therefore has no right to object. In this connection, we invite the court's attention to the record, and with respect suggest that this record viewed as a whole, must disclose to this court clearly, that the appellant occupies now the position in this case, that the board of trustees in the *Clarke case, supra,* endeavored to place Clarke, the appellee, proceeding by mandamus, has succeeded in having the lower court close the door on appellant and deny it the right to make the defense that this court said it could make, and that it should make.

We of course do not deny by items the claim presented by appellee, but we do deny liability entirely, but the lower court refused to permit us to make our defense, when it sustained appellee's demurrer to our special plea, and thus closed the door of this court to appellant, although this court had specifically held that appellant was entitled to, that its duty to the public required it to, make the defense sought to be made.

Appellee takes the position, and it has taken it throughout this procedure, has succeeded in inducing the lower court to take the position, in the face of the announcement of this court to the contrary, that the auditor's certificate is final and is mandatory against the board of supervisors.

*F. M. West,* for appellee.

This is the second trial of this cause in this court. See *Pearl River County* v. *Lacey Lumber Company,* 124 Miss. 85. The case comes here on appeal by Pearl River County from a judgment of the circuit court of that county directing the issuance of a writ of mandamus to the board of supervisors thereof, commanding it to pay the Lacey Lum-

ber Company, appellee, the sum of three hundred and sixty-five dollars and eight cents which the latter claims is due it by reason of taxes paid the county which it had no right to exact or collect, and which were paid under compulsion and protest.

This court reversed and remanded this case for a new trial (124 Miss. 85), and there pointed out wherein the appellee had failed to make the proof necessary under general issue plea to maintain its prayer or the writ of mandamus. That proof has now been made, as is shown in the transcript.

After the state had made refund to the appellee the auditor of public accounts certified the matter to the county of Pearl River in the manner provided in section 4346, *supra,* and this certificate appears in this transcript. All of the claims were rejected and disallowed on May 9, 1919. Petition for writ of mandamus was then filed by all of the claimants in the circuit court of the county on May 22, 1919.

Upon the second trial of this case in the lower court all the pleas formerly availed of were withdrawn by leave of the court and a demurrer to plaintiff's declaration was filed. In that demurrer the defendant county set up that appellee had a plain, adequate and speedy remedy at law. That the taxpayer had the right to sue the county for the amount claimed after the board of supervisors had rejected its claim or to appeal from the order of the board disallowing the claim; and set up, further, that appellee had no right to a writ of mandamus. That the action of the board in disallowing the claim was a judicial one, and that mandamus will not lie; and that the only remedy of appellee was to appeal from that order or to sue the county.

The trial court overruled the demurrer, whereupon defendant filed a plea of the general issue and a special plea. The special plea set up that, although the appellee had paid its taxes under protest, as shown on the tax receipts, yet the protest was based upon a condition; which condition was that appellee understood that the Edwards Hines

Interests, and other interests were to secure a reduction of their taxes; and that if these reductions were made, then appellee was to be accorded the same reduction. That said reduction was not had by the Hines Interests; and that the protest was not a general protest, but was a protest based upon a condition which did not follow and that, because said reduction was not allowed the Hines Interest; therefore, no protest was made by the appellee. A demurrer was filed to this special plea, and sustained by the trial court. The writ of mandamus was awarded the appellee; and now the county appeals the cause to this court.

The special plea was manifestly predicated upon the following language of this court (ETHRIDGE, J.) on page 109 of the report in the former case: "In our opinion, where a proceeding is void on its face and cannot be upheld at all, a protest in general terms is sufficient. But if the defect arises from some failure to observe some requirement or from some fact not appearing upon the face of the record, the protest ought to be special and call attention to the defect."

We fail to comprehend how appellant's special plea can be grounded upon that language of the court. It is clearly there held that where the proceeding is void on its face and cannot be upheld at all, a protest in general terms is sufficient. The court did hold that the proceeding was void upon its face, for it squarely held that the assessment was unconstitutional and void, and relied upon the case of *Horton* v. *King,* 113 Miss. 60, 73 So. 871; *Bullock* v. *Board, etc.,* 77 So. 662. The protest in the instant case was in general terms paid under protest. That was all sufficient.

We contend, therefore, that there is nothing sound in appellant's special plea, and there was no error committed by the trial court in sustaining appellee's demurrer thereto. It is contended that appellee should not prevail because it had a plain, adequate and speedy remedy at law, by suing the county after its claim had been disallowed by the board, or by appealing to the circuit court.

This court placed the stamp of its approval upon Code section 4346 (under which this proceeding was instituted) when it said, on page 109, *supra*: "We do not think that the auditor and the attorney-general, in acting under section 4346, Code of 1906 (Hemingway's Code, section 6980), acted judicially, nor is a judicial proceeding necessary to authorize the allowance of money out of a public treasury or a public fund. The scheme provided in that section is an easy method of refunding to the taxpayer moneys which have been paid erroneously into the treasury. The scheme seems to contemplate that the error must appear on the face of the record, and that no moneys can be refunded unless and until they have been approved by the auditor and the attorney-general, and come within the purview of the law. It is an easy and inexpensive method of refunding erroneous payments of taxes and secures the consideration and attention of competent officers and secures uniformity in practice in refunding.

We do not think, however, that the approval of a claim by these officers makes it mandatory upon the treasurer or the county board to refund, if they, in good faith, believe there is a good defense to the claim. In cases involving constitutional questions or intricate law points we think the right exists in the officers representing the public to contest liability.

Appellant has no real defense to this suit. If it did have, however, it had the right to set it up in contesting appellee's right to a writ of mandamus, which it prayed for, and received, in the trial court.

Appellant maintains that appellee has no right to seek mandamus because, it says, that suit should have been brought against the county after rejection of appellee's claim, or an appeal should have been had to the circuit court. (Section 311, Code 1906.) We contend that the rights of appellee are not limited to that statute.

We maintain that section 4346 of the Code of 1906 (the refunding statute here involved), provides another way by which the taxpayer may have his rights adjudicated

when a county collects something to which it is not entitled. The statute regarding the issuance of a writ of mandamus is to be found in section 3231, Code 1906 (Hemingway's Code, section 2533).

The writ of mandamus sought in this case is the proper remedy. Section 4346 of the code provides that after a claim has been audited and allowed by the auditor of public accounts with the approval of the attorney-general, the county treasurer is directed, authorized and required to pay such claims.

The writ of mandamus is availed of to force an inferior tribunal, board, or officer, to do something enjoined by law. *Board of Supervisors, etc.,* v. *Pidgeon Thomas Iron Company,* 114 Miss. 274; *Clark et al.* v. *Board of Trustees, etc.,* 117 Miss. 234; *Hobbs* v. *Germany,* 94 Miss. 469, 49 So. 515, 22 L. R. A. (N. S.) 983. We invoke that decision here as decisive of our right to pursue the remedy afforded by mandamus.

The rights of appellee are not to be determined by section 311, Code of 1906. It had the right of selection, or election, and it exercised that right as pointed out in the *Clark case, supra. Moreau* v. *Grandich,* 114 Miss. 561.

Mandamus is the proper remedy to enforce the payment of valid claims against counties which have been audited and allowed: *Beard* v. *Lee County,* 51 Miss. 542; *Jefferson County* v. *Arrighi,* 51 Miss. 254; *Honea* v. *Monroe County,* 63 Miss. 171; *Klein* v. *Smith County,* 54 Miss. 254; *Taylor* v. *Chickasaw County,* 70 Miss. 87.

Our court has decided in a number of cases that mandamus was the proper remedy to compel the doing of certain things enjoined by the statute, see: *State* v. *Simmons,* 70 Miss. 485; *Chatters* v. *Coahoma County,* 73 Miss. 351; *Hebron Bank* v. *Lawrence County,* 109 Miss. 397. See, also, *Ladner* v. *Talbert,* 121 Miss. 592; *Crenshaw* v. *Jackson,* 122 Miss. 711; *Taylor* v. *State,* 121 Miss. 771.

Returning to appellant's defense that mandamus will not lie, because, as is claimed, the appellee had a plain, adequate and speedy remedy in the ordinary course of law,

we wish to call the court's attention to the fact that this same plea was made in the former trial of this case. The plea is numbered 9 and is to be found on page 106 of the reported case (124 Miss. 85).

This court has already squarely decided that plea against the contention of the appellant. We wish to emphasize that this court also held in the former opinion that: "We do not think that the auditor and attorney-general in acting under section 4346, Code 1906, acted judicially, nor is a judicial proceeding necessary to authorize the allowance of money out of a public treasury or a public fund."

There the court has clearly held that appellee pursued the proper remedy. It is also held, squarely, that a judicial proceeding is not necessary. We cannot see, therefore, why it was necessary for appellee to sue the county, when it has already been held that a judicial proceeding was not necessary. Since the auditor and the attorney-general did not act judicially, and a judicial proceeding is not necessary in order to obtain the refund, we say that the whole structure of appellant's argument should fall to the ground.

For brevity we wish to call the court's attention to the many authorities cited in our original brief as supporting our contentions and especially to the following Mississippi cases regarding refunds and performance of certain duties prescribed by the statutes there involved: *Wilson, Auditor,* v. *Taylor,* 116 Miss. 573; *Taylor, Treasurer,* v. *Guy,* 119 Miss. 357; *State* v. *Cole,* 81 Miss. 147; *McGehee* v. *Fitts,* 63 Miss. 600; *Board* v. *Bank,* 80 So. (Miss.) 530; *Harrison County* v. *Roberson,* 83 So. (Miss.) 617. Appellant relies upon the following cases: *Robertson* v. *Board, etc.,* 105 Miss. 90; *Honea* v. *Board, etc.,* 63 Miss. 171; *Taylor* v. *Board, etc.,* 12 So. 210.

COOK, J., delivered the opinion of the court.

This is an appeal by Pearl River county, from a judgment of the circuit court directing the issuance of a writ

of mandamus, commanding the board of supervisors to pay the Lacey Lumber Company, appellee, the sum of three hundred and sixty-five dollars and eight cents, which appellee claims is due it by reason of taxes paid the county under a void assessment, and which were paid under protest.

This is the second time this case has been before this court, and, on the former appeal, the judgment of the court below was reversed and the cause remanded. The facts upon which the suit is based and the allegations of the petition for mandamus are fully stated in the former opinion, which is reported in 124 Miss. 85, 86 So. 755.

After the cause was remanded, the county was granted leave to withdraw its pleas and file a demurrer to the petition, and thereupon, for the first time, the right of appellee to maintain this petition was challenged by demurrer, the grounds of demurrer being as follows:

(1) Petitioner has a plain, adequate, and speedy remedy at law.

(2) The petitioner has another specific remedy against the defendant, to-wit, the right to sue defendant, if any indebtedness due it as a refund of the tax claimed, or to appeal from the order of the board of supervisors, disallowing its claim for said credits, and has no clear legal right to the issuance of mandamus.

(3) The board of supervisors of the defendant county had the right, under the law, to judicially determine whether the petitioner was entitled to its warrant for the funds sought to be recovered. That it judicially determined against the petitioner and disallowed said claim, and having acted thereon, the petitioner has no right to a writ of mandamus against this defendant, and can only exercise its legal and specific remedy by appealing from said order disallowing said claim or suing the defendant for the amount claimed.

This demurrer was overruled, and thereupon appellant refiled its pleas, and there was a trial and judgment awarding the writ as prayed for in the petition.

Section 3231, Code of 1906 (section 2533, Hemingway's Code), provides that: "On the petition of any private person who is interested, the writ of mandamus shall be issued by the circuit court, commanding any inferior tribunal, corporation, board, officer, or person to do or not to do an act the performance of which the law specially enjoins as a duty resulting from an office, trust, or station, where there is not a plain, adequate, and speedy remedy in the ordinary course of law."

Section 311, Code of 1906 (section 3684 Hemingway's Code), provides: "A person having a just claim against any county shall first present the same to the board of supervisors thereof for allowance; and, if the board shall refuse to allow it, may appeal from the judgment of the board to the circuit court, or may bring suit against the county; and, in either case, if such person recover judgment, the board of supervisors shall allow the same, and a warrant shall be issued therefor."

In the former opinion in this case, it was held that the auditor and attorney general, in approving the claim under section 4346, Code of 1906 (section 6980, Hemingway's Code), were not acting judicially, and that "the approval of a claim by these officers does not make it mandatory upon the treasurer or the county board to refund, if they, in good faith, believe there is a good defense to the claim," and "in cases involving constitutional questions or intricate law points the right exists in the officers representing the public to contest liability."

After the claim of appellee was approved by the auditor and attorney-general, it was presented to the board of supervisors, and the board refused to allow it, and, under the provisions of the said section 311, Code of 1906, appellee then had the right to appeal from this judgment of the board or to institute suit against the county for the amount of its claim, and this statutory right afforded appellee a plain, adequate, and speedy remedy. Since the board of supervisors has disallowed this claim, and it is clear that appellee has a plain, adequate, and speedy rem-

edy in the ordinary course of law, mandamus will not lie to compel the board to issue a warrant therefor, and we think the demurrer to the petition should have been sustained.

The views herein expressed dispose of the case, and therefore it is unnecessary to discuss the questions raised by the other assignment of error.

The judgment of the court below is reversed, the demurrer sustained, and the cause dismissed.

*Reversed and dismissed.*