BOARD OF SUP'RS OF RANKIN COUNTY v. LEE *et al.*[*]

(Division B.    May 30, 1927.)

[113 So. 194.    No. 26563.]

1. MANDAMUS. *Mandamus will not lie to compel inferior tribunal to act in certain way in reference to matter within its discretion.*

   Where it is sought by writ of mandamus to compel an inferior tribunal to act in a certain way in reference to a matter which the law commits to its discretion, the writ will not lie, since writ can only be resorted to for purpose of compelling action by such inferior tribunal, and cannot be used for purpose of directing particular line of action.

2. MANDAMUS. *Mandamus cannot be resorted to where there is plain, adequate remedy at law.*

   Mandamus is an extraordinary writ and cannot be resorted to where there is another plain, adequate remedy provided by law.

3. MANDAMUS. *Mandamus did not lie to require county board of supervisors to order election to determine issuance of school bonds (Hemingway's Code, section 60; Laws 1924, chapter 283, section 184).*

   Since under Laws 1924, chapter 283, section 184, determination of whether majority of electors petitioned for school bond election was committed to discretion of county board of supervisors, mandamus did not lie to require board to order election thereon, in that under Code 1906, section 80 (Hemingway's Code, section 60), there was adequate remedy at law by appeal to circuit court from judgment rejecting petition.

[*]Corpus Juris-Cyc References: Mandamus, 38CJ, p. 544, n. 47; p. 558, n. 74; p. 593, n. 49; p. 594, n. 55; p. 696, n. 67, 68; p. 722, n. 78; p. 731, n. 8, 11.

APPEAL from circuit court of Rankin county.

HON. L. L. POSEY, Special Judge.

Mandamus by H. O. Lee and others against the board of supervisors of Rankin county. Judgment for petitioners, and defendant appeals. Reversed and judgment rendered.

*W. E. McIntyre,* for appellant.

I.   The petition shows no cause of action in law or equity.   A writ of mandamus cannot be sustained to compel a board of supervisors to call an election as petitioned for here.   The board of supervisors of Rankin county dismissed the petition.   Petitioners' remedy was an appeal to the circuit court under section 60, Hemingway's Code.   *Robinson et al.* v. *Board of Supervisors of Itawamba County,* 105 Miss. 90.

II.   Conceding the correctness of the proceedings resorted to by the appellees, which we seriously question, the petition does not affirmatively allege that a majority of the qualified electors in the territory in Rankin county, petitioned for the issuance of the bonds.   We submit that it is necessary for the petition to be signed by a majority of the qualified electors in each county, acting separately, in order to give the board of supervisors jurisdiction to act.   Sections 114, 184, chapter 283, Laws of 1924.   See, also, section 185, of same chapter, as amended by chapter 325, Laws of 1926.

A board of supervisors has no authority to deal with consolidated schools except as empowered by legislative enactment.   Unless the  legislature provides to the contrary, the territory of a line consolidated school acts separately so far as the issuance of bonds is concerned.   The legislature has directed a change so far as the result of the election; but not so far as the initial step in the filing and presentation of the original petition is concerned.

*Percy M. Lee,* for appellees.

The statutes applicable to and governing the question involved in this controversy are sections 182, 183 and 184, chapter 283, Laws of 1924.   Under these statutes we submit that when a petition signed by a majority of the qualified electors was submitted to the board of super-

visors of Rankin county and when the superintendents of education of the several counties certified to them the proportionate amount of the bond issue to be borne by the Rankin county part of the district, based on the assessed valuation of property, then it became the positive and mandatory duty of the board of supervisors of Rankin county to fix the day upon which the election should be held and to comply with all of the other requisites set out. Since this board refused to discharge its duty and to do what the plain letter of the statute said that it should do, then mandamus was the only remedy which the appellees could employ to obtain relief and the desired result.

Mandamus is issued to require a board to do or not to do an act the performance or omission of which the law specially enjoins as a duty where there is not a plain, adequate and speedy remedy in the ordinary course of law. *Robinson et al. v. Board of Sup'rs of Itawamba County,* 62 So. 3, 105 Miss. 90, cited by the appellants, is not in point.

If the petitioners had prosecuted an appeal to the circuit court under section 60, Hemingway's Code, no affirmative relief could have been granted. The circuit court on such appeal could have reversed the judgment of the board of supervisors, but in that form it would have been powerless to command the board of supervisors, to hold the election; and the circuit court would have been powerless to call the election itself. Besides there was no plain, adequate and speedy remedy in the ordinary course of law.

Anderson, J., delivered the opinion of the court.

Appellees filed their petition in the circuit court of Rankin county against appellant, board of supervisors of that county, for a writ of mandamus requiring the appellant to order an election to determine whether or not the bonds of the Ludlow consolidated line school

district should be issued in a sum not in excess of eighteen thousand dollars. Appellant demurred to the petition, which demurrer was by the court overruled. Thereupon appellant declined leave of the court to plead further. Judgment final was then entered granting the relief prayed for by appellees. From that judgment appellant prosecutes this appeal.

Ludlow consolidated line school district is a legally established consolidated school district, composed of territory lying in the counties of Scott, Leake, and Rankin. Petitions purporting to be signed by a majority of the qualified electors of the school district were filed with and presented to the boards of supervisors of the three counties affected. These petitions were presented to the February, 1927, meetings of the three boards. They prayed for the issuance of the bonds of the school district for a sum not in excess of eighteen thousand dollars, and prayed that elections be ordered in the territory for the purpose of determining whether or not the bonds should issue. The superintendent of education of each of the three counties certified to the board of supervisors of his county the proportionate amount of bond issue to be borne by such county based on its assessed valuation of property. The boards of supervisors of Scott and Leake counties, in pursuance of the prayer of the petition, declared their intention to issue the bonds as prayed for, and fixed the dates upon which the elections were to be held. Accordingly the elections were held in Scott and Leake counties. In the former county the vote stood, for the bond issue, sixty-two, against the bond issue, seven; and in the latter county, for the bond issue, twenty-two, against the bond issue, none—making a total of eighty-six for the bond issue and seven against it. The board of supervisors of Rankin county continued the petition for the election to the March, 1927, meeting, at which time it entered an order denying the petition. The order follows:

"In the Matter of the Election For the Issuance of Bonds in the Ludlow Consolidated School District:

"This day this cause coming on for hearing on petition of H. O. Lee et al., for the holding of an election in the Ludlow consolidated school district, comprising territory in the counties of Scott, Leake, and Rankin, in the state of Mississippi, to determine whether the bonds of the said consolidated school district shall be issued, or not, in the sum petitioned, and the board of supervisors of Rankin county declining to call the said election; therefore it is ordered that the said petition be and the same is dismissed."

One of the appellant's contentions is that appellees had no right under the law to resort to mandamus to force appellant to order the bond election petitioned for. Appellant argues that this is true, because the appellees had a plain, adequate remedy at law by appeal under section 80, Code of 1906 (section 60, Hemingway's Code), to the circuit court from the judgment entered by appellant refusing to order the election.

The remedy of mandamus is given by section 3231, Code of 1906 (section 2533, Hemingway's Code). The statute provides for the writ in the cases therein named "where there is not a plain, adequate, and speedy remedy in the ordinary course of law." Where it is sought by writ of mandamus to compel an inferior tribunal to act in a certain way in reference to a matter which the law commits to its discretion, the writ will not lie. The writ can only be resorted to to compel action by the inferior tribunal; it cannot be used for the purpose of directing a particular line of action by such tribunal. *Madison County* v. *Alexander,* Walk. 523; *Attala County* v. *Grant,* 9 Smedes & M. 77, 47 Am. Dec. 102; *Swan* v. *Gray,* 44 Miss. 393; *Vicksburg* v. *Rainwater,* 47 Miss. 547; *Clayton* v. *McWilliams,* 49 Miss. 311; *State Board of Education* v. *West Point,* 50 Miss. 638; *Shotwell* v. *Covington,* 69 Miss. 735, 12 So. 260; *Cole* v. *State,* 91 Miss. 628, 45 So. 11.

Mandamus is an extraordinary writ and cannot be resorted to where there is another plain, adequate remedy provided by law. *McHenry* v. *State*, 91 Miss. 562, 44 So. 831, 16 L. R. A. (N. S.) 1067; *Robinson* v. *Itawamba County*, 105 Miss. 90, 62 So. 3; *Pearl River County* v. *Lumber Co.*, 128 Miss. 885, 91 So. 572; *City of Greenwood* v. *Provine*, 143 Miss. 42, 108 So. 284, 45 A. L. R. 824. We think *Robinson* v. *Itawamba County, supra,* is directly in point, and is controlling in favor of appellant's contention. It was held in that case that the road commissioners of a county could not sustain a writ of mandamus to compel the board of supervisors to issue and sell road bonds under chapter 149 of the Laws of 1910, because under section 80, Code of 1906 (section 60, Hemingway's Code), the road commissioners had a plain, adequate remedy at law, by appeal from the judgment of the board of supervisors refusing to issue and sell the bonds; that under the statute in question in that case, the board of supervisors was vested with discretion as to the matter of issuing and selling road bonds.

Under section 184, chapter 283, Laws of 1924 (the school code), before ordering the bond election appellant was required to decide the question whether or not a majority of the qualified electors of the school district had petitioned for the election. That question was committed by the statute to the discretion of appellant. In determining the question appellant was required to exercise discretion and judgment. Appellant passed an order denying the petition without assigning any reason therefor. For aught that appears in the judgment rendered, appellant found that the petition was not signed by the required number of qualified electors. If the petition was not signed by the required number of qualified electors, under the law appellant should have rejected it.

We are of opinion that this is not a case for the extraordinary writ of mandamus; that appellees had a plain, adequate, and a reasonably speedy remedy at law under section 80, Code of 1906 (section 60, Hemingway's

Code), by appeal to the circuit court from the judgment of appellant rejecting the petition for the bond election. *Reversed, and judgment for appellant.*