CITY OF JACKSON *v.* MCPHERSON.

(Division B. Oct. 20, 1930. Suggestion of Error Overruled, November 3, 1930.)

[130 So. 287. No. 28864.]

**W. E. Morse**, of Jackson, for appellant.

**Chalmers Potter** and **Howie & Howie**, all of Jackson, for appellee.

**Howie & Howie**, of Jackson, for appellee.

154

Argued orally by **W. E. Morse**, for appellant, and by **Chalmers Potter** and **Virgil Howie**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee filed his petition in the circuit court, and prayed a writ of mandamus to compel the governing board of appellant city to grant a building permit to appellee for a filling station at the corner of Carlisle and North State streets in said city. On the hearing the court ordered the mandatory writ as prayed.

Appellant relies on the statute commonly known as the Standard State Zoning Law, sections 6841-6848, Hemingway's 1927 Code, and upon an ordinance passed by said city, under said law, on April 16, 1929, by the terms of which ordinance the property here concerned was set apart and designated as residence, and not as commercial, property. Appellee makes no attack upon the said Zoning Law nor in the main upon the said ordinance. The exact contention of appellee is that the ordinance

is void in so far as it includes this particular property within the area set apart for residences, for the reason, as alleged, that the property is in fact commercial property, and therefore to include it within residence boundaries is an arbitrary and unreasonable exercise of power by the municipal council, and to such an extent that the ordinance should, in the particular respect mentioned, be disregarded by the court. The contention of appellee is, then, to state it otherwise, that, conceding for the purposes of this case that the city board had the jurisdiction and the warrant of law to pass upon and decide the question whether this particular property is such that it might be properly included within the boundaries reserved to residences, yet in deciding that question the board has acted erroneously and to the extent that the court should as a matter of law hold the action to have been without reason, without the warrant of any supporting facts, and therefore wholly arbitrary and void.

It is not within the purposes of a writ of mandamus to direct an inferior tribunal to decide an issue of fact in a particular way, when the law has invested that tribunal with original jurisdiction to decide the question for itself. If this were not the rule, the determination of issues of fact, although committed to many different officers and boards in the first instance, would be only advisory to the courts, and local government of all grades would or could be absorbed by, and transferred to, the courts—a proposition obviously contrary to the frame and structure of civil government in this country, and impolitic and impracticable to the last degree. In such cases, where as to the facts there exists any admissible doubt, or in respect to which reasonable men might conscientiously differ, the courts have, with a practical unanimity, declined to interfere by mandamus. This case, as disclosed by the record, falls well within the stated rule. See Board v. Lee, 147 Miss. 99, 103, 113 So. 194; State v. Board, 133 Miss. 562, 567, 98 So. 101; Robinson v. Board, 105

Miss. 90, 62 So. 3, and the numerous others referred to in the reports of those cases.

The petition must be dismissed also on the ground that there is, or was, another adequate remedy available to the party. The general rule is that mandamus will not lie where there is an adequate remedy by appeal. 38 C. J., pp. 565-567. Therefore, where a statute gives the right of appeal from the decision of a board or tribunal to review its action, this is ordinarily deemed an adequate remedy so as to preclude the issuance of a mandamus to coerce such tribunal in respect to such matter. 18 R. C. L., p. 133. These rules are sustained by many decisions of this court. Several are collated and cited by the court in Board v. Lee, 147 Miss. at page 104, 113 So. 194, which case is squarely to the point that appeal, and not mandamus, is the remedy in a situation such as is presented by this record.

Reversed, and petition dismissed.