Board of Supervisors of Quitman County *v.* State ex rel. Chrisler, Dist. Atty.

In Banc.   Jan. 24, 1949.

(38  So.  (2d)  314)

44

**E. C. Black,** for appellant.

**T. N. Gore**, for appellee.

48

McGehee, C. J.

This is a proceeding to compel the Board of Supervisors of Quitman County by writ of mandamus to issue bonds of the Walnut Consolidated School District in the sum of $60,000, "the proceeds thereof to be used for the purpose of erecting, constructing, repairing and equiping school buildings for said district and for repairing the present school buildings of said district and for all purposes for which bonds may be issued under Section 6370 of the Mississippi Code of 1942 and other applicable laws  . . ." There was a demurrer to the petition for

mandamus, which was overruled. Thereupon the appellant Board of Supervisors declined to plead further and the trial court granted the relief prayed for by directing and commanding the appellant to do the following:

"1. To ascertain and adjudicate whether or not the petition for the issuance of the bonds contains the genuine signatures of a majority of the qualified electors of the Walnut Consolidated School District of Quitman County, Mississippi.

"2. To ascertain and adjudicate whether or not the amount of bonds sought to be issued exceeds the statutory limitations on the amount of such bonds that might be lawfully issued.

3. If it is found that the Petition does contain the genuine signatures of a majority of the qualified electors of said District and that the amount of the bonds sought to be issued does not exceed the statutory limitation on the amount of such bonds that might be lawfully issued, the Respondents herein are hereby commanded to take immediate steps toward the issuance of the bonds prayed for in the petition."

The petition for the writ of mandamus alleged that at the July 1948 meeting of the board a majority of the qualified electors residing in the said Walnut Consolidated School District had presented a petition for the issuance of said bonds, the same having been presented in person by some of the petitioners and by their attorney; that proof was taken before the Board by the introduction of witnesses who identified the signatures of all the petitioners and disclosed that the petition had been signed by a majority of the qualified electors of the said school district according to the poll and registration books of the two voting precincts therein; that the district had been duly and legally organized and that the amount of the bonds petitioned for would not exceed any constitutional or statutory limitation on interest bearing debts; and that the board was requested to ascertain and

adjudicate whether the petition did contain such majority and to adjudicate the other jurisdictional facts above mentioned, but that the board declined to do so.

However, an order of the Board of Supervisors entered at the time, and which is made an exhibit to the petition for writ of mandamus, discloses that the petition for the issuance of the bonds came on to be considered by the board and that the board ordered "that said petition be rejected and disallowed  .  .  ."

No reason is assigned in the above mentioned order for rejecting and disallowing the petition. If the same had been granted, then unquestionably it would have been necessary for the order to have recited that the petition had been signed by a majority of the qualified electors, that such school district was legally organized and existing, that the amount of the bonds petitioned for would not exceed any constitutional nor statutory limitation, and that the bonds were being issued for purposes authorized by law as set forth in said Section 6370, Code 1942, supra, which provides, among other things, that "on petition of the majority of the qualified electors residing in any consolidated school district, the board of supervisors may issue bonds for such consolidated school district in the manner provided for by law, to erect, repair, and equip school buildings, teachers' homes, school bonds, transportation vehicles, and for purchasing lands for schools;  .  .  .".

The order discloses, however, that the board did in fact act on the petition. ██ ██ And we are of the opinion that this statute in providing the board of supervisors "may" issue bonds for such a consolidated school district means that the board shall do so if they find all the jurisdictional facts to exist for so doing, since this statute was enacted in the public interest, and it was not the intention of the Legislature that a board of supervisors may arbitrarily decline to issue bonds where such jurisdictional facts exist for their issuance. Had such facts

been affirmatively adjudicated by the board, or by the circuit court upon an appeal from said order on bill of exceptions, to be present, then it would have become a mere ministerial duty to proceed with the issuance of the bonds as petitioned for, and the performance of such a remaining duty could be compelled by mandamus.

However, under the holding in the case of Board of Supervisors of Rankin County v. Lee et al., 147 Miss. 99, 113 So. 194, and we think that the rule therein announced is well settled by other decisions of this Court, ▆▆ it was the judicial function of the board to decide the question of whether or not a majority of the qualified electors of the school district had petitioned for the issuance of the bonds, to determine whether the amount petitioned for would exceed any statutory limitation thereon, and to determine whether or not the same were to be issued for purposes authorized by law. This being true, the writ of mandamus could not be invoked to compel the board to do more than to act upon the petition by either granting or rejecting the same. ▆▆ When a board of supervisors rejects such petition for reasons which it deems sufficient, or for no reason at all, without adjudicating the necessary jurisdictional facts to exist, the remedy of the petitioners is for an appeal to the circuit court under Section 1195, Code of 1942. Robinson et al. v. Board of Supervisors of Itawamba County, 105 Miss. 90, 62 So. 3; Board of Supervisors of Rankin County v. Lee, supra. On such an appeal "if the judgment be reversed, the circuit court shall render such judgment as the board . . . ought to have rendered . . ." In other words, the petitioners could have obtained in the circuit court on appeal an adjudication of all the jurisdictional facts which are alleged to have existed by having embodied such facts in a bill of exceptions.

The petition for the writ of mandamus was returnable to the September 1948 term of the Circuit Court and which

was the same term at which an appeal would have been triable.

Section 1109, Code of 1942, authorizes the issuance of a writ of mandamus only in cases where there is not a plain, adequate and speedy remedy in the ordinary course of law. And it seems to be conceded that if in determining the jurisdictional facts hereinbefore mentioned the board was acting judicially the writ of mandamus would not be available to compel them to render the kind of judgment sought by the petitioner, but would be available only to compel the board to act on the petition.

If on an appeal the circuit court had found the necessary jurisdictional facts to exist, as such court may have done, then the Court could have compelled the performance of the ministerial duty of issuing the bonds if the board had declined to do so contrary to the order of the Court.

From the foregoing views it follows that the judgment of the trial court must be reversed and judgment rendered here in favor of the appellant dismissing the petition for mandamus.

Reversed and judgment here for the appellant.