BOARD OF SUPERVISORS CALHOUN COUNTY *v.* STATE, ex rel.

In Banc. April 25, 1949.

(40 So. (2d) 273)

**Fred B. Smith,** for appellant.

Smallwood & Darden, for appellee.

450

**Alexander, J.**

Petition for write of mandamus was filed by the appellee to compel the appellant to issue bonds of Supervisors' Districts 2 and 3 in the total sum of $150,000 for the purpose of acquiring land, constructing, equipping and operating a community hospital as authorized by Chapter 277, Laws of 1944, as amended by Chapter 412, Laws of 1946. The petition alleged in substance that the appellant at a meeting on October 10, 1947, created a hospital district in Calhoun County consisting of Supervisors' Districts 2 and 3 and at that time declared its intention to issue bonds of these districts in the amount stated. Publication was made of the resolution of the Board in respect of said matters, whereupon a petition signed by the requisite number of qualified voters was filed with the Clerk of the Board requesting that an election be called on the question of the issuance of such

bonds. The Board entered its order adjudicating the sufficiency of the petition and ordered the election.

At its meeting on January 5, 1948, it considered the report of the election commissioners showing that a majority had voted for the issuance of the bonds, approved such report, and ordered the issuance and sale of bonds by the two districts in the sum of $75,000 each. Thereupon certain members of the Board were ordered to investigate the matter of co-operation with the State Hospital Commission as authorized by the statute. On June 11, 1948, the Board undertook by its order to rescind its action and provided that, ''this Board here and now reconsiders, rescinds, sets aside and holds for naught each and every one of the orders theretofere referred to . . . and directs that said bonds not be issued for the purposes outlined.'' At the 1948 session of the Legislature it enacted Senate Bill No. 688 validating such bonds.

A demurrer was filed to the petition and from a judgment overruling the same and issuing the writ in default of further plea, this appeal is taken.

It is conceded that there was some irregularity in the steps preliminary to the ordering of the election. The issues raised by the assignments of error are resolved into the following questions: (1) Was the validation act of 1948 effective to cure defects or irregularities attending the election? (2) Did the action of the Board followed by an election favorable to the bond issue and the Act of 1948 constitute a mandate to the Board to issue such bonds? (3) Was the rescinding order of June 11, 1948, effective? (4) Was there available an adequate legal remedy, that is, by appeal from the so-called rescinding oredr of June 11, 1948?

We are of the opinion that the act of 1948 validating bonds is effective and competent to this end. It recognized orders of the board signifying its intention to issue the bonds and the fact and sufficiency of the election thereon approving same. It provided ''that the aforesaid proceedings had by the Board of Supervisors of

Calhoun County, Mississippi and the election commissioners of Calhoun County, Mississippi, preliminary to the issuance of seventy-five thousand dollars ($75,000.00) of community hospital bonds'' for each of the districts, 2 and 3, ''be and the said proceedings are hereby ratified, approved, confirmed and validated'' and that such bonds ''when prepared, issued and sold are hereby declared to be valid and binding obligations of said districts, regardless of any statutory limitations, provision or restriction, and that any and all errors, defects, omissions, informalities or irregularities which occurred in the aforesaid proceedings of said Board of Supervisors and Election Commissioners are in all repects corrected and cured.''

It is elemental that the power of the Legislature to cure by validation is measured by its power to enact the amendatory provisions as an original act. Griffith v. City of Vicksburg, 102 Miss. 1, 58 So. 781; Parker v. Board of Sup'rs of Grenada County, 125 Miss. 617, 88 So. 172; Tonsmeire v. Board of Supervisors, Harrison County, Miss. 1 So. (2d) 511.

It is argued that the act of validation is merely enabling and constitutes no mandate to the board. We need not decide this but explore only the effect of the election thereby validated. ▮▮ The Act, Code 1942, Cum.Suppl. Sec. 7129-50, et seq. grants discretion to the board in the matter of declaring an intention to create a hospital district and issue bonds, but when there is a petition filed requesting an election ''then it shall be the duty of the board . . . to call and provide for the holding of an election as petitioned for.'' Could it be that the result of such election is a mere plebiscite to test public sentiment? We think it otherwise. The wishes of the electorate, invited by the board, and formally and fully expressed constitute a mandate to the board to issue the bonds.

In Board of Supervisors of De Soto County v. Dean, 120 Miss. 334, 82 So. 257, 258, it was held that after an election it became the duty of the board to issue the

bonds. Appellant points out that Chapter 173 of the Laws of 1916 provided that "it shall be the duty" of the board so to act. Yet such finding was made appropriate by the reservation in the board's order: "That, in the event of the election resulting in the creation of the proposed district, and in the issuance of the bonds of same, the board still reserves the right to hear complaints of landowners of the proposed district that they receive no benefit from the proposed road improvement." Moreover this duty, aside from legislative recognition, exists. Board of Supervisors of Quitman County v. State ex rel. Crisler, Miss., 38 So. (2d) 314; 20 C.J.S., Counties, § 266(c). Authorities cited in brief for appellee from other jurisdictions confirm this view.

It is the election and not the validating act which imposed the ministerial duty of issuance. The curative statute is operative to invest the election with this vigor. The board's discretion has been exhausted; it has now become the people's agency to carry out its expressed will.

 It is argued that there remains in the board some discretion as to administrative details. By a previous order the board had set out the amount, date, description and other details of the proposed bonds. A contention is made that there remains to be determined whether and to what extent co-operation shall be sought and effected with other agencies authorized by the Act. This matter may lie within the discretion of the board but is not bound to avail of this privilege, nor is it a prerequisite to the issuance of the bonds on behalf of the two districts constituting the hospital area.

 Was there available an alternative and adequate remedy by appeal from the rescinding order of June 11, 1948? Apart from the consideration of the validity of such order, as to which see Keenan v. Harkins, 82 Miss. 709, 35 So. 177, such appeal would operate merely to test the validity of such order, and its avoidance by the Circuit Court could advance the cause no

whit. The petition for mandamus is directed to the preceding orders of the board resulting in an election which it confirmed. The order of June 11, 1948, may therefore be ignored. While we need not adjudge its validity, we do deny to it any efficacy to overrule the mandate of the election.

In this connection Board of Supervisors of Quitman County v. State ex rel. Crisler, supra, is not in point for the reason that an appeal therein was necessary and proper to have the validity of the election determined, whereas in the instant case the validating act eliminated such uncertainty.

We are of the opinion that the trial court was correct in ordering the writ of mandamus as prayed for.

Affirmed.