# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00555-COA

| | |
|---|---|
| MICHAEL PRENDERGAST, BRETT LADNER, MALCOLM COWAND AND HOWARD PARKER | APPELLANTS/CROSS-APPELLEES |

v.

| | |
|---|---|
| CITY OF WAVELAND AND THE WAVELAND CIVIL SERVICE COMMISSION, A SUBDIVISION OF THE CITY OF WAVELAND | APPELLEES/CROSS-APPELLANTS |

| | |
|---|---|
| DATE OF JUDGMENT: | 03/04/2013 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | RUSSELL S. GILL |
| | ANDREW AUSTIN CLARK |
| ATTORNEY FOR APPELLEES: | GARY MCKAY YARBOROUGH JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DISMISSED PETITION FOR WRIT OF MANDAMUS |
| DISPOSITION: | AFFIRMED - 09/09/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ROBERTS AND CARLTON, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1.     This is an appeal of the Hancock County Circuit Court's decision to dismiss a petition

for a writ of mandamus filed by former employees of the City of Waveland, Mississippi. The

Waveland Board of Aldermen (the Board) voted to discharge Michael Prendergast, Brett

Ladner, Malcolm Cowand, and Howard Parker (Appellants[1]) from their employment as

---

[1]  We typically avoid generalizations when referring to parties. However, we make an exception in this case due to the tedious nature of referring to Prendergast, Ladner, Cowand, and Parker collectively by name.

police officers due to budgetary constraints. They attempted to appeal their discharge to the Waveland Civil Service Commission (the Commission), which is unique in that it was created by way of a municipal ordinance. After the Commission failed to respond to Appellants' request for prospective hearing dates, they filed a petition for a writ of mandamus in the circuit court. The City moved to dismiss the petition and filed a counterclaim for damages under the Mississippi Litigation Accountability Act.

¶2. The circuit court found that Appellants could have appealed the Board's decision to the circuit court. Because an adequate remedy had been available to Appellants, the circuit court dismissed their petition for a writ of mandamus. And although the parties had not argued the City's counterclaim during the hearing on its motion to dismiss, the circuit court dismissed it, as well. On appeal, Appellants claim the circuit court erred when it dismissed their petition for a writ of mandamus. The City also appeals the circuit court's decision to dismiss its counterclaim under the Mississippi Litigation Accountability Act. Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶3. On January 4, 2011, the Board met and voted to terminate eleven city employees from five different departments for budgetary reasons. Appellants were among the terminated employees. The Board also voted to have the department heads inform the eleven employees that they had been terminated. The next day, Police Chief James Varnell complied with the Board's instructions by sending Appellants each a letter informing them of the Board's decision.

¶4. On January 12, 2011, Appellants faxed documents styled "Appeal of Termination"

2

to the Commission. Appellants' letters stated that they demanded an investigation and hearing "concerning [their] termination by the Waveland Police Department." The Commission did not respond. On February 23, 2011, Appellants sent a letter to the Commission and requested prospective hearing dates. Again, the Commission did not respond.

¶5. On April 18, 2011, Prendergast and Ladner filed a petition for a writ of mandamus in the circuit court. They asked the circuit court to force the Commission to conduct the hearing they had requested. Less than a month later, Cowand and Parker joined Prendergast and Ladner's petition. However, approximately one year later, Appellants filed a joint stipulation to dismiss their petition for a writ of mandamus.[2]

¶6. Approximately three months after Appellants dismissed their first petition for a writ of mandamus, they filed their second petition for a writ of mandamus. Within their second petition, Appellants again requested that the circuit court force the Commission to address their appeal. Appellants also claimed that the City had wrongfully terminated them. They also claimed that by faxing letters to the Commission, they had properly appealed the Board's decision to terminate them.

¶7. The City moved to dismiss Appellants' second petition for a writ of mandamus. According to the City, Appellants' second petition was untimely. Additionally, the City

---

[2] Originally, Prendergast and Ladner had retained one attorney, and Cowand and Parker had retained a different attorney. For reasons that are not discussed in the record, they either fired their original attorneys or allowed them to withdraw. Afterwards, they all retained one attorney to represent them. During the hearing on the City's motion to dismiss, Appellants' new attorney said that Appellants dismissed their first petition because they had not named the City as a defendant, which he considered to be a "procedural defect."

3

argued that Appellants' second petition was an improper collateral attack of the Board's decision. The City also filed a counterclaim for attorney's fees and costs under the Mississippi Litigation Accountability Act.

¶8. On December 6, 2012, the circuit court conducted a hearing on the City's motion to dismiss Appellants' second petition for a writ of mandamus. During the hearing, the City argued that Waveland City Ordinance 251, which authorized the creation of the Commission, did not allow appeals to the Commission when a city employee had been terminated for budgetary reasons. The City also argued that Appellants should have appealed the Board's decision directly to the circuit court by filing a bill of exceptions within ten days of the Board's decision. According to the City, because Appellants had failed to file a bill of exceptions, they had failed to properly appeal the Board's decision. Alternatively, the City argued that even if Appellants had a right to appeal to the Commission, they had failed to exhaust their administrative remedies because they had not requested a hearing before the mayor of Waveland.

¶9. Appellants argued that they had complied with the obligation to request a hearing before the mayor by verbally asking to talk to him. They also argued that they had not actually been terminated for budgetary reasons. According to Appellants, the Board's rationale was merely Chief Varnell's pretext to terminate them for their membership in the "Police Benevolent Association, which is a fraternal order that helps support the police." Appellants further argued that "[t]hey were [also] targeted for other reasons." Finally, Appellants argued that they properly appealed to the Commission, and it had jurisdiction to hear their appeal of the Board's decision.

4

¶10.    On March 6, 2013, the circuit court entered an order dismissing Appellants' second petition for a writ of mandamus. The circuit court reasoned that Ordinance 251 did not allow employees terminated for budgetary reasons to seek a hearing before the Commission. The circuit court went on to hold that Appellants should have filed a bill of exceptions as set forth by Mississippi Code Annotated section 11-51-75 (Rev. 2002). Because Appellants had an adequate remedy available to them by appealing the Board's decision to the circuit court, it dismissed Appellants' second petition for a writ of mandamus. Furthermore, although the circuit court had not conducted a hearing on the City's counterclaim for damages under the Mississippi Litigation Accountability Act, the circuit court dismissed the City's counterclaim.

**ANALYSIS**

I.    ATTEMPT TO APPEAL TO THE COMMISSION

¶11.    Appellants argue that the circuit court erred when it dismissed their second petition for a writ of mandamus. They claim that the circuit court should have given them an opportunity to file a bill of exceptions. Appellants also claim that the circuit court erred when it held that they did not have a right to appeal to the Commission after the Board terminated their employment for budgetary reasons.

¶12.    First and foremost, it is necessary to note that this case does not turn on any application of Mississippi statutory law. Mississippi Code Annotated section 21-31-1 (Rev. 2007) mandates that certain municipalities must have a civil service commission. Similarly, Mississippi Code Annotated section 21-31-3 (Rev. 2007) gives qualified municipalities the authority to adopt a civil service commission. The Commission is unique in that it is not a

5

creature of either statute. Instead, the Commission is the product of Waveland City Ordinance 251 ("the ordinance"), which was authorized by House Bill 1770 of the 1994 Mississippi legislative session. Consequently, neither the provisions nor the procedures set forth in the statutes that pertain to civil service commissions apply to this case. During the hearing on the City's motion to dismiss, Appellants' attorney conceded that the ordinance rather than statutory law applied. And section 10 of the ordinance states that it "shall not be construed to invoke the provisions of [s]ections 21-31-1 through 21-31-75[,] . . . which deal with civil service, nor to invoke the law of any court decisions made pursuant thereto."

¶13. Section 4(1) of the ordinance states that a "covered employee" has the right to appeal to the Commission under certain circumstances. The circumstance that applies to this case involves "[d]ischarges . . . but not including layoffs resulting from budgetary decisions, changes in the scope of public services provided by the city, reductions in force and changes in technology, where these factors are unrelated to the performance of a particular employee's job." Waveland City Ordinance 251 § 4(1)(a).

¶14. The qualifier in section 4(1)(a) creates the following question: How does a discharged employee raise an argument that although the Board's minutes reflect that his discharge was for budgetary reasons, the Board's decision was really a pretext to terminate him for factors related to the performance of his job? We find that under such circumstances, an aggrieved employee must appeal the Board's decision through the mechanism set forth in Mississippi Code Annotated section 11-51-75. The Board's minutes reflect that Appellants were discharged for budgetary purposes, and "public boards speak only through their minutes and their actions are evidenced solely by entries on their minutes." *Lange v. City of Batesville*,

6

972 So. 2d 11, 18 (¶9) (Miss. Ct. App. 2008).  Section 11-51-75 provides that "[a]ny person aggrieved by a . . . decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal [to the circuit court] . . . ."

¶15.    Without reservation, we find it problematic that the Commission simply failed to respond to Appellants' attempt to appeal the Board's decision.  Likewise, it is problematic that the Commission did not respond to Appellants' request for prospective hearing dates. The Commission should have addressed the fact that Appellants had filed a clear attempt to appeal the Board's decision.  And we neither sanction nor condone such blatant disregard of Appellants' grievance, regardless of its perceived merit.  At a minimum, the Commission should have addressed the fact that Appellants had attempted to raise an issue before it.  Even so, the issue before us is not whether the Commission erred by ignoring Appellants.  The issue before us is whether the circuit court erred when it dismissed Appellants' petition for a writ of mandamus.

¶16.    The Mississippi Supreme Court has held that a petitioner must prove the following essential elements before a writ of mandamus may issue:

> (1) the petitioner must be authorized to bring the suit, (2) there must be a clear right in [the] petitioner to the relief sought, (3) there must exist a legal duty on the part of the defendant to do the thing which the petitioner seeks to compel, and (4) there must be no other adequate remedy at law.

*Bennett v. Bd. of Sup'rs of Pearl River Cnty.*, 987 So. 2d 984, 986 (¶6) (Miss. 2008).  The circuit court denied Appellants' petition for a writ of mandamus because they had another adequate remedy at law – they could have appealed the Board's decision to the circuit court under section 11-51-75.  We agree with the circuit court's reasoning. Precedent also supports

7

the circuit court's decision. *See Bd. of Sup'rs of Rankin Cnty. v. Lee*, 147 Miss. 99, 104-05, 113 So. 194, 195 (1927) (Petitioners for a writ of mandamus "had a plain, adequate, and a reasonably speedy remedy at law . . . by appeal" from a decision by a county board of supervisors.). The fact that Appellants failed to timely pursue that adequate remedy is of no moment. *See State ex rel. Stanley v. Cook*, 66 N.E.2d 207, 218 (Ohio 1946) (One's failure to avail himself of a legal remedy in a timely manner does not create an entitlement to "the extraordinary remedy of mandamus.").

¶17.    Appellants essentially argue that the circuit court should have held that their appeal to the Commission should be converted to an appeal to the circuit court. To support their argument, Appellants cite *Bowling v. Madison County Board of Supervisors*, 724 So. 2d 431 (Miss. Ct. App. 1998). In *Bowling*, a property owner "filed a complaint 'in the nature of a bill of exceptions'" in circuit court after a board of supervisors approved a zoning variance for other property in the county. *Id*. at 433 (¶4). The board of supervisors successfully moved to dismiss the property owner's complaint because he had failed to timely file a bill of exceptions. *Id*. at (¶6). The circuit court reasoned that it had no jurisdiction because the property owner had failed to appeal and file a bill of exceptions within ten days of the board's decision. *Id*. at (¶7). This Court held that the defects in the property owner's "complaint" "were not on the timeliness or on the issues raised, but on the label, 'complaint' instead of 'appeal,' and on the absence of a bill of exceptions." *Id*. at 441 (¶50). We went on to hold that the defects were "matters of form [that] should be amendable." *Id*. at 442 (¶51). Consequently, this Court reversed the circuit court's judgment and held that the property owner "must file a bill of exceptions if he wishes to proceed[,] and [he] should

8

promptly prepare and submit one to the county." *Id*.

¶18.    The events in *Bowling* are distinguishable from the events in the case presently before us. *Bowling* involved mere formal defects in a document that had been filed in the proper forum. But in this case, we cannot find that an appeal to the Commission is essentially the equivalent of an appeal to the circuit court. Improper jurisdiction is not merely a formal defect. Although Appellants eventually filed a petition for a writ of mandamus in the circuit court, their petition did not request relief that could have been obtained by way of an appeal of the Board's decision to the circuit court. They simply requested that the circuit court order the Commission to conduct a hearing. Because the defects involved in this case are not mere formalities, we find that *Bowling* does not apply. There is no merit to this issue.

        II.    CROSS-APPEAL

¶19.    On cross-appeal, the City argues that the circuit court erred when it dismissed its request for damages under the Mississippi Litigation Accountability Act. The City notes that it had not scheduled a hearing on its counterclaim, and neither party argued the relative merits of the counterclaim during the hearing on the City's motion to dismiss Appellants' petition for a writ of mandamus. According to the City, this Court should reverse the circuit court's judgment dismissing the counterclaim, and remand it for a hearing on the merits.

¶20.    The City's entire argument in its initial brief for this issue is as follows:

> [Appellants] did not move to dismiss [the City's] counterclaim, and it set no hearing to dismiss those claims. Despite [the fact that . . . Appellants did] not mov[e] to dismiss or set[] a hearing to dismiss [the City's] claims as is required by Mississippi Rules of Civil Procedure 7 and 12, the [circuit c]ourt dismissed [the City's] counterclaim without notice or hearing. This dismissal should be reversed for failure of notice and opportunity to be heard, and for violation of [the City's] right of access to the courts.

9

(Footnote omitted). The City cited no authority to support its argument. In its reply brief, the City distinguished authority cited by Appellants, but it still did not cite any authority to support its own argument on appeal. Mississippi Rule of Appellate Procedure 28(a)(6) requires that a brief include "citations to the authorities, statutes, and parts of the record relied on." Likewise, Mississippi caselaw has consistently held that the "[f]ailure to cite any authority is a procedural bar, and [a reviewing court] is under no obligation to consider the assignment [of error]." *Taylor v. Kennedy*, 914 So. 2d 1260, 1262 (¶4) (Miss. Ct. App. 2005) (citation omitted). It follows that the City's issue on cross-appeal is procedurally barred.

¶21. **THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE PARTIES.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**