## C. T. HARRISON *v.* J. B. GREAVES.

1. MUNICIPAL ELECTION. *Description of tickets.*

    The statute which prescribes the kind of tickets to be used at general elections (Code 1880, § 137) does not apply to municipal elections of town officers unless made applicable by charter.

2. QUO WARRANTO. *When available.*

    An unelected candidate cannot maintain a proceeding by *quo warranto* against an opponent who usurps the office, although the State, by its proper officer, might institute a proceeding to oust him.

APPEAL from the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

At a municipal election in January, 1882, the appellee, whose name was upon ninety-four scraps of envelopes and other paper used as tickets, was returned as elected, was commissioned and assumed the office of mayor of the town of Edwards in Hinds County, and the appellant, an opposing candidate, whose name was on thirty-six tickets conforming to Code 1880, § 137, sought to oust him as a usurper upon the

grounds that he was not elected and that he represented this county in the State legislature. The petition which asked that the "relator" should be installed as mayor, and on which a summons issued citing the appellee "to answer an information in the nature of *quo warranto*," was demurred to, because the appellee, if incapacitated, could be ousted only by the State through its authorized officer, and not by the appellant who showed no interest, and because the general election law does not apply to the town, and its charter does not prescribe the kind of tickets for municipal elections; but the court heard the evidence and then dismissed the proceeding.

*Nugent & McWillie*, for the appellant.

1. This is a case of contested election, in which the appellant alleges that he received the highest number of legal votes. His remedy was not confined to a technical proceeding by *quo warranto*. He had the right to sue under Code 1880, § 150, and the requirements of this statute are met by the case as presented. No special interest need be shown, but even that appears, for the relator is the elected candidate. This statute provides that the person in whose favor the jury shall find shall be commissioned by the governor. The prayer to oust the appellee and instal the appellant was in conformity with this law.

2. The statute regulating ballots (Code 1880, § 137) applies to municipal elections. Under our Constitution all elections are by ballot. It is competent for the legislature to prescribe the kind of tickets to be used. This having been done, an election by ballot is one with these tickets. The charter, although passed before the Code, does not and could not dispense with this constitutional requirement. By virtue of his office, the mayor of Edwards is a justice of the peace, and the general law applies in terms to his election. Again, the appellee holds two offices. This is illegal. As a representative in the legislature he is precluded from becoming mayor.

*M. Dabney*, for the appellee.

The appellant, who is not entitled to the office, cannot maintain this *quo warranto* proceeding either by the common law or under the statute. *Miller* v. *Palermo*, 12 Kansas, 14; *Commonwealth* v. *Farmers' Bank*, 2 Grant Cas. 392; *State* v. *Smith*,

32 Ind. 213; *State* v. *Boal*, 46 Mo. 528; *State* v. *Moffitt*, 5 Ohio, 358; *Sublett* v. *Bedwell*, 47 Miss. 266; *Brady* v. *West*, 50 Miss. 68; *Hyde* v. *State*, 52 Miss. 665; Code 1880, §§ 2585, 2587.   A person can be mayor of a town and a member of the State legislature at the same time.   The duties of a justice of the peace might be attached by statute to any office.   But, if the appellee could not hold both offices, his qualification as mayor vacated that of representative.

2. Tickets at the municipal election in Edwards were not required to conform to Code 1880, § 137.   If town elections were embraced in the general election law, the provisions of the charter would have to be disregarded, and registration inspectors and commissioners would be required.   When the constitutional requirement of elections by "ballot" was adopted in 1869, no form of ticket was essential.   The charter (Acts 1871, p. 371) does not prescribe the kind of tickets to be used, and the subsequent Code of State statutes is inapplicable.   Code 1880, § 8; *Kirk* v. *Rhoads*, 46 Cal. 398. This Code was not intended to alter pre-existing charters, and did not have that effect.

CAMPBELL, J., delivered the opinion of the court.

Section 137 of the Code of 1880 does not apply to a municipal election held for the election of the officers of a town, unless made applicable by its charter.

The appellant was not elected, and therefore he has no right to maintain this action.   The right of the appellee to hold the office cannot be contested in this proceeding by the appellant, who has no more interest in the matter than any other citizen. The State by its proper officer might institute a proceeding to oust the appellee, but a private person may not, except to assert a right in himself to the office.

*Judgment affirmed.*