EDWARD C. SHINES *v.* JOEL G. HAMILTON.

[39 South. Rep., 1008.]

1. MUNICIPALITIES. *Elections. Contests. Code* 1892, §§ 3034, 3679.

Under Code 1892, § 3034, making all the provisions of the code on the subject of state and county elections applicable to municipal elections, a contest for the office of mayor of a city operating under the code chapter on municipalities is properly brought under Code 1892, § 3679, providing for contests of state and county elections.

2. SAME. *Pleading. Ballots. Names of candidates. Code* 1892, § 3655.

In an election contest a petition, charging that the respondent's name was placed on the official ballot without the written request of himself or any other candidate nominated by the convention which he claims nominated him, or of a qualified elector who made oath that he was a member of the nominating body or participated in the primary election at which respondent was nominated, is not good and does not sufficiently charge that his name was improperly on the ballot, since, under Code 1892, § 3655, it is provided that, after the proper officer has knowl-

edge of a nomination, as provided therein, of a candidate for office, he shall not omit his name from the ballot, unless on the written request of such candidate, and that every ballot shall contain the names of all candidates nominated as specified and not duly withdrawn.

3. SAME. *Commissioners. Invalid appointments.* *Code* 1892, §§ 3643, 3661.

Where the same irregularity avoided two separate appointments of election commissioners and the same invalidity attached to all official ballots, the objections will not prevent the electors from holding an election, they being empowered in such cases to act (Code 1892, § 3643), and the ballots actually used, whether official or not, are properly to be counted, under Code 1892, § 3661.

4. SAME. *Ineligibility of highest candidate.*

In an election contest, there being no charge of fraud, a minority candidate, who receives less than one-fourth of the votes cast at the election, is not entitled to claim the office because of irregularities in the holding of the election.

FROM the circuit court of Holmes county.

HON. A. McC. KIMBROUGH, Judge.

Shines, the appellant, was plaintiff in the court below; Hamilton, the appellee, was defendant there.   From a judgment in defendant's favor the plaintiff appealed to the supreme court.

To the petition, brought under Code 1892, § 3679, a demurrer was filed, heard, and sustained; and, contestant declining to amend, the petition was dismissed.   The petition shows that the town of Durant is governed by the code chapter on municipalities and amendments thereto, and that on the 13th day of December, 1904, an election was held in said town for the office of mayor and other town officers.   According to the returns of this election, as made to the mayor and board of aldermen by the majority of the election commissioners, Hamilton, appellee, was elected mayor, he having received ninety-seven votes, and Shines, appellant, seven; and sixteen votes were not counted, for the reason that they were not cast upon official ballots, since they contained only the name of the contestant as a candidate for mayor, while the ballots which were counted contained the names of both contestant and

contestee. There is no allegation of fraud in connection with the election, other than that the voters should have been restricted to voting for the contestant for the office of mayor, since the contestee's name was not placed on the ballot in a regular way. At a called meeting of the mayor and board of aldermen, as shown by the proceedings, on the 25th day of November, 1904, Parkinson, Mayfield, and West were appointed election commissioners to conduct the election to be held on December 13th following, Parkinson being named as ticket commissioner to have the official ballots prepared and printed. It is admitted that there was no written notice or call for this meeting, as provided for in sec. 2990 of the code. It is also admitted that this requirement of law was not met touching a similar meeting held on November 29th, at which meeting Mayfield was substituted for Parkinson as ticket commissioner. Mayfield then had a ballot prepared containing the name of Hamilton, the regular nominee of the democratic party, chosen by a party primary; and the name of Shines, who presented to the commissioners a written petition requesting that his name be placed upon the ballot, as provided in sec. 3652 of the code. Parkinson had a ballot prepared which contained the name of Shines, but omitted the name of Hamilton therefrom, for the reason that his name was not presented to the election commissioners "upon written request of one or more of the candidates so nominated, or of any qualified elector who will make oath that he participated in the primary election which nominated him." The contestee filed a demurrer to the petition, setting forth several grounds, and the court held that the following grounds were well taken—to wit:

"(3) Because said petition does not deny that defendant was the regular nominee of the democratic party for mayor for the regular municipal election held on December 13, 1904, and that said James Parkinson and all the other election commissioners. had been notified of such nomination and had knowledge of that fact, and, therefore, had no right to omit the name of respondent

from such ballot unless upon his written request, which request was not made.

"(4) Because, as shown by said petition and by exhibit A thereof, said Parkinson was never legally appointed ticket commissioner, no notice having been given of said special meeting on November 25th and no entry having been made on the minutes of said meeting of such notice; and said commissioners of election had, under sec. 3661 of the code, authority to prepare ballots for an emergency, and such ballots were prepared, giving to voters their choice between petitioner and defendant, and defendant was overwhelmingly elected. . . .

"(5½) Because the tally sheets and lists of voters were legally sufficient as returns of election and did not invalidate the election."

*W. L. Dwyer,* and *S. L. Dodd,* for appellant.

The fifteen days previous to the day of election is a limitation on the right of the appellee to have his name placed on the petition to be presented to the commissioner of election, James Parkinson, and which was not done by the appellee, and the placing of his name on a ballot after that was without authority of law and made the ballot illegal, and it should not have been counted by the commissioner. Had this been done, and such ballots thrown out, the appellant would have been duly elected mayor. It makes no difference whether Hamilton was the regular nominee of the democratic party for the regular municipal election or not. The law is imperative that when the names of candidates to be voted for are placed on the official ballot it must be "upon the written request of any one or more of the candidates so nominated, or of any qualified elector who will affirm that he was a member of such convention or other nominating body or participant in such primary election, and that the name presented by him was the nominee of said convention or nominating body or primary election."

*Noel, Pepper & Elmore,* for appellee.

The petition relies entirely upon the assumption that nothing but a written petition or request delivered to Parkinson can authorize or empower the election commissioners to put any name upon an official ballot.    The first sentence in sec. 3652 of the annotated code, and of election ordinance No. 2, imperatively requires the election commissioners to print on official ballots "the names of all candidates who have been put in nomination not less than fifteen days previous to the day of the election by a nominating convention or other nominating body or at a primary election of any political party."    The next sentence of that section, to prevent evasion and fraud on the part of those having charge of the printing of the tickets, requires to be so printed "the names of all candidates so nominated, whether the nomination be otherwise known or not, upon written request of one or more of the candidates so nominated or of any qualified elector," etc.    This same construction is adopted by sec. 3655 of the annotated code, which requires the printing of the names on the ballots: "After the proper officer has knowledge of or has been notified of the nomination, as provided, of any candidate for office, the officers shall not omit his name from the ballot," etc.

These extracts show clearly that whenever election commissioners know of candidates having been nominated, then written notice is unnecessary, and that written notice is required only when actual knowledge does not exist.

Upon the face of the petition and exhibits, tested by sec. 2990 of the code, the appointment of Parkinson as ticket commissioner was void.    If the appointment of Mayfield was likewise void, then there would be no commissioner authorized to prepare ballots; and the duty devolved upon, and was performed by, the election managers, in strict accord with the concluding sentence of sec. 3661 of the code.

TRULY, J., delivered the opinion of the court.

The contest was properly instituted. The cases of *Easly* v. *Badenhausen,* 59 Miss., 580; *Harrison* v. *Greaves,* 59 Miss., 453, and other cases decided prior to the adoption of the code of 1892, are not controlling at this time, at least so far as relates to municipalities operating under the code chapter. Code 1892, § 3034—a new provision enacted in full view of previous decisions—expressly provides that "all the provisions of law on the subject of state and county elections, so far as applicable, shall govern municipal elections," and reference is thereby specially made to other code sections controlling elections generally. Among the sections referred to and so expressly made applicable to municipal elections is Code 1892, § 3679, under which this contest was instituted.

But this being true cannot avail for the benefit of the contestant. Although the contest was properly instituted, the demurrer to the petition was nevertheless correctly sustained. The facts stated in that petition, considered in any light authorized by the law, give the contestant no standing in court. It nowhere appears that the name of the contestee was wrongfully on the ballots used at the election. It is true that the petition undertakes to negative the existence of several of the ways in which the name of a candidate may lawfully be placed on a ballot to be used at an election, but it is significant that the petition does not undertake by express averment to deny that the name of the contestee was properly on the ballot. The contention that the name of a nominee cannot be placed on a ballot, except upon the written request of one of the candidates so nominated or of a qualified elector who makes oath that he was a member of the nominating body or participated in the primary election, is not sound. These are simply easy methods of getting all names properly on the ballot, devised to prevent the possibility of any duly nominated candidate being wrongfully left off the ticket. But they are not the exclusive ways. Section 3655 provides that "after the

proper officer has knowledge of or has been notified of the nom-
ination, as provided, of any candidate for office, he shall not
omit his name from the ballot unless upon the written request of
such candidate." And it is made mandatory that "every ballot
shall contain the names of all candidates nominated as specified
and not duly withdrawn." The fact of such nomination coming
to the knowledge of the proper officer—the ticket commissioner—
his duty is imperative to place the name of the nominee on the
official ballot. The law deals with results, not the minor details
by which the information is communicated. Whether the
method adopted to advise the commissioner of such nomination
be the written request of one or more of the candidates, the affi-
davit of a participating elector, the report of the officer conduct-
ing the primary election, or other legally recognized method of
nomination, the effect is the same—the desired result reached.
If the "proper officer has knowledge of" the nomination, "he
shall not omit his name from the ballot," except upon request
duly made. The petition does not aver either that the contestant
was not duly nominated in some of the several ways permitted by
the law or that the fact of his nomination had not come to the
knowledge of the election commissioners. If such fact existed
and was within the knowledge of the election commissioners, it
would have been a violation of law to have left the name off the
ticket.

The contention of the appellant that only the votes represented
by the ballots prepared by Parkinson should have been counted
is without merit. If, as contended, the appointment of the
other election commissioner as ticket commissioner was void
because of the irregularity in the manner in which the special
meeting of the mayor and board of aldermen was called, the same
objection with equal force applies to Parkinson's appointment
and designation as ticket commissioner. If it be conceded that
the appointment of election commissioners by the mayor and
board of aldermen at the called meeting was valid, then the ballot

prepared by the last selected ticket commissioner and approved
by a majority of the election commissioners, and which contained
the names of all the candidates, was the official ballot.    If it be
conceded that the same irregularity avoided each appointment
and the same invalidity attached to each so-called official ballot,
then, notwithstanding this, the electors holding the election were
duly empowered to act by virtue of Code 1892, § 3643, and the
ballots actually used were properly counted, whether official or
not, under Code 1892, §  3661.

Under no view of the case authorized by law can we understand
how the contestant—who, granting everything for which he con-
tends, received less than one-fourth of the votes cast at the elec-·
tion—can claim to have been duly elected or to be entitled to the
office.    There is no charge of fraud, and, conceding the existence
of all the irregularities complained of, the will of the people was
fairly and honestly ascertained.    This is the sole purpose of all
elections.    When the will of the sovereign people has been so
fairly expressed, it should control.    This court will not coun-
tenance for purely technical reasons an overthrow of the result.
Wherefore, in our judgment, the demurrer to the petition was
properly sustained.

*The judgment is affirmed.*