## STATE *ex rel. v.* JONES.

(Division B.   Jan. 4, 1937.)

[171 So. 678.   No. 32540.]

H. P. Farish and Ernest Kellner, both of Greenville, for appellant.

600

601

W. T. Wynn and D. S. Strauss, both of Greenville, and Sillers & Roberts, of Rosedale, for appellee.

604

606

Argued orally by **Ernest Kellner,** for appellant, and by
**Walter Sillers,** and **W. C. Roberts,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee became a member of the board of commissioners of the Mississippi levee district in 1926 for and from that part of Humphreys county within said district, and has continued to serve as such commissioner to the present time. For the term beginning on the second Monday in July, 1934, appellee was the sole candidate for and from said territory at the election held on the day fixed by law, to wit, June 5, 1934; and appellee having received all the legal votes cast at said election, he was duly commissioned, and entered upon the new term, and has continued therein as aforesaid.

On August 1, 1936, the district attorney for that judicial district filed in the circuit court an information in quo warranto alleging that appellee was ineligible to hold said office because at the date of his election and induction into office for the new term, he was not a qualified elector by reason of his having failed to pay the taxes assessed against him for the year 1933; and for the further reason that appellee was an election commissioner of Humphreys county at the time of the election aforesaid and acted as such therein, and that the petition to place the name of appellee on the official ballot was not acted upon at any time by a quorum of the election commissioners of the county. Upon a trial the petition was dismissed upon the merits, and the case has been brought here on appeal.

There are four assignments of error. The first is that "the proof shows that Howard Jones was an election commissioner of Humphreys county at the time of his pretended election as levee commissioner for said county."

Appellee was appointed one of the election commissioners for Humphreys county in 1932 and received his commission as such. He did not take the oath of office or give bond. He had taken no active part in the pro-

ceedings of the election commission; he attended none of its meetings, but was recognized as an election commissioner and from time to time was consulted by the other commissioners. The only part taken by him with reference to the election in question and in respect to his own candidacy thereat was as follows: A petition in proper form signed by more than fifty qualified electors of the territory requesting that appellee be a candidate was delivered to appellee, who, in turn, delivered it to the chairman of the election commission more than fifteen days before the date of the election. The chairman informed appellee that the petition could not be allowed so long as he remained a member of the election commission. On June 1, 1934, appellee forwarded to the Governor his resignation as election commissioner, and thereafter informed the chairman that he had done so, whereupon the chairman instructed appellee to inform the printer, who was also an election commissioner, that appellee's name should be printed on the official ballot, which message appellee delivered, and his name was printed.

Section 6213, Code 1930, reads as follows: "A commissioner of election shall not be a candidate for any office at any election for which he may have been appointed, and with reference to which he has acted as such; and all votes cast for any such person at such election shall be illegal, and shall not be counted." In delivering his petition to the chairman, appellee acted not as a commissioner but as a candidate. There is nothing in the mere manual or mechanical act of delivering a petition that calls for the exercise of any official judgment or discretion; and when, after his formal resignation as a commissioner, he carried the message from the chairman to the printer, he was not acting as a commissioner, having openly and solemnly disavowed any such office, wherefore he was but a messenger. As already stated, appellee took no other part whatever.

There was no other candidate; and since there was no other candidate whose interests were or could be affected by what appellee did, and no interest of the public which was hurt thereby, we are of opinion that the quoted statute was not infringed.

The second assignment is that "the proof shows that the petition to place the name of Howard Jones on the ballot used in the election of a levee commissioner for Humphreys county was not acted upon by a quorum of the election commission of said county."

As already stated, the petition was in due form, was filed with the chairman of the commission more than fifteen days before the day of the election, and it is not disputed that it contained more than the fifty names of qualified electors required by law, and the name of appellee was printed on the official ballot. Under the aforesaid undisputed facts, had the commissioners or a quorum met in formal session and considered the petition, and assuming that they would have acted rightly, as we must assume, they would have ordered done exactly what was done in this case. The right result has come about, and as said in Shines v. Hamilton, 87 Miss. 384, 390, 39 So. 1008, in these matters preliminary to an election, the law is concerned with results, not with details by which the right result is reached. See, also, Hunt v. Mann, 136 Miss. 590, 101 So. 369.

The third and fourth assignments present the issues in respect to appellee's alleged delinquency for the taxes assessed against him for the year 1933. The proof is clear that appellee had reached the age of sixty years before December 31, 1931. He was due no poll taxes for the years here brought in question; and whether he was or was not delinquent for property taxes for 1933 is now immaterial, so far as concerns the issues here before us.

If, in fact, appellee had not paid the property taxes assessed against him for 1933, and if he were liable

therefor as alleged, this constituted and interposed a constitutional ineligibility against him at the time of his election and at the time of his induction into office, and would continue as such throughout his entire term, so far as to anything which he himself could do to remove that disqualification. The hand of disqualification rested, and continued to rest, upon him, and it was the hand of the state itself. But by authority of the electorate of the state, given by their affirmative vote in the ratification of the amendment, which was inserted on October 15, 1935, as a part of the Constitution (section 241), by chapter 117, Laws 1935, Ex. Sess., whereby the state in its sovereign capacity withdrew the disqualification which theretofore existed in regard to nonpayment of property taxes, the hand of the state was also withdrawn from this appellee in respect to the disqualification with which he was theretofore encumbered. That which was theretofore a continuing disqualification, but not so declared in a specific judicial judgment, was discontinued by the sovereign will and power, and having been thus discontinued by the state itself, the disqualification no longer exists; and there is therefore no longer any authority on the part of any officer of the state to invoke the alleged disqualification, nor on the part of the court now to enforce it.

We think the foregoing paragraph sets forth an obvious conclusion in support of which no authority is needed; but there is authority, found in Widincamp v. Wood, 167 Ga. 57, 144 S. E. 900, which is in point on the facts and as to the result reached, although we do not subscribe to the entire course of the reasoning embraced in the opinion therein, but prefer the reasons stated in the subsequent case, Cooper v. Lewis, 177 Ga. 229, 170 S. E. 68, 88 A. L. R. 808, wherein the same point was involved in principle and wherein the court said that where a constitutional amendment removes or strikes out that which constituted the asserted ineligibility of

an officer, the ineligibility is measured by the amendment and not by the former constitutional provision.
Affirmed.