STATE *ex rel.* RICE, ATTY. GEN., *v.* DILLON *et al.*

(In Banc.   Dec. 11, 1944.)

[19 So. (2d) 918.   No. 35673.]

**J. M. Alford,** of Tylertown, and **Hall & Hall,** of Columbia, for appellant.

T. B. Davis, of Columbia, and Stevens & Stevens, of Jackson, for appellees.

Argued orally by **Lee D. Hall**, for appellant, and, by **J. M. Stevens**, for appellees.

**Roberds, J.**, delivered the opinion of the court.

This is an election contest. Hezzie Deere and H. W. Smith were run-off candidates for Supervisor of District No. 1 in Walthall County, Mississippi, in the second primary in 1943. The County Election Commissioners found that Deere was nominated by a majority of one vote. Smith contested that finding.

This Court, on appeal to it, by an opinion handed down December 20, 1943, held that the election was a tie and that no one was nominated. Smith v. Deere, 195 Miss. 502, 16 So. (2d) 33. In the meantime, the name of Deere alone as a candidate for said office appeared upon the ticket for the general election in November, 1943, and naturally received all of the votes cast for that office. In these circumstances, it became the duty of the Governor to call a special election to determine the successful candidate. Section 3187, Code 1942. He did that on January 3, 1944, designating January 25, 1944, as the date for holding the election. A Suggestion of Error was filed to the holding

of this Court, which was overruled January 10, 1944. Whereupon, both Deere and Smith got busy to have their names placed upon the ballot as candidates in that special election. Deere's name alone appeared upon the ballot.

Two of the County Election Commissioners, towit: T. J. Wood and Mrs. Janie G. Pigott, took the position that Smith's name should have appeared upon that ballot, and that for failure to so appear, as well as for other causes, the election was illegal and void, and they refused to meet and canvass the returns and certify the result to the Secretary of State. On the other hand, they did certify to the Secretary of State their conclusions that the election was a nullity, stating in such report that they would not certify the election of any one where in their opinion such election was void. Whereupon, the Attorney General of Mississippi instituted this mandamus proceeding against these two Election Commissioners, as well as against Kenneth Dillon, the other Commissioner, seeking to require said County Election Commissioners to canvass the returns of said election and ascertain and declare the result thereof and deliver a certificate to the person having the greatest number of votes, and certify their action to the Secretary of State. Commissioners Wood and Pigott resisted said petition for mandamus, setting up the contentions that said election was void because (1) Smith's name should have been and was not upon the ballot; (2) that the Commissioners as a body never passed upon whose names should appear upon the ballot, but that this function was performed alone by Commissioner Dillon; and (3) that legal notice of the election was not given.

The case centers around the questions: (1) Whether Smith complied with Section 3260, Code 1942, reading in part, "The commissioner shall also have printed on the ballot the name of any qualified elector who has been requested to be a candidate for any office, by a written petition signed by at least fifteen electors. . . . and when the petition or request has been presented to said

commissioner not less than fifteen days before the election; but if any candidate has been so nominated, or has been so requested to become a candidate, less than fifteen days before the election, his name shall not be printed upon. the ballot.'' And (2) whether in a special election of this character it is necessary for the run-off candidates to present such a petition to get their names upon the ballots. The trial judge passed only upon the first question, and we do likewise. He found as a fact from the testimony that Smith did present his petition to Commissioner Wood on January 10, 1944, fifteen days prior to the election, and that the petition then had upon it the names of at least fifteen electors of such district, and that such presentation to Commissoiner Wood entitled him to have his name upon the ballot. That finding of the trial judge is contested here by the appellant on two grounds: (1) that such finding is erroneous as a conclusion of fact from the testimony; but (2) if mistaken as to this that the presentation of the petition by Smith to Commissioner Wood was not authorized under the law and that to be legally effective the statute requires that the petition be presented to the Commissioner who has been designated to have the official ballots printed and distributed (Section 3205, Code 1942), who was Dillon.

We shall first pass upon the sufficiency of the proof to sustain the finding of the trial judge that Smith did in fact present his petition to Commisioner Wood on January 10th, and that such petition then had upon it the names of at least fifteen electors. Smith and Wood both testified that Smith appeared at the home of Wood shortly before sundown on Monday, January 10, 1944, and that Smith did present to Wood a petition; that Wood received the petition into his hands and looked over it, Smith said it then had upon it the names of more than twenty qualified electors of said district. As against this proof, the appellant introduced evidence to show that Smith was continually present that day at the meeting of the Supervisors, but the proof is not definite as to just what time

the Supervisors adjourned. There is also proof that Smith was circulating his petition for signatures the next day, but Smith explained he was doing that not because he did not have sufficient signatures thereon, but because the circuit clerk had suggested to him that Deere had some fifty names upon his petition and that it would be well for Smith to have a similar number on his. There is also proof that Commissioner Wood said to Smith on January 11th that he thought Smith was too late in filing his petition, but Wood explained that by saying that when Smith brought his petition to him on January 10th that he told Smith that theretofore petitions had always been filed with the circuit clerk, and had never been presented to the Commissioners and he advised Smith to file his petition with the circuit clerk. Smith then returned to the county seat for that purpose, but the office of the circuit clerk was closed and he did not file his petition with the clerk until the next day. Wood gives these circumstances as a reason for his remark that Smith was too late in filing his petition—that is, Smith had not filed it with the circuit clerk. Appellant introduced some other testimony tending to contradict Smith's claim of presentation of his petition to Wood on January 10th, but it is all circumstantial. We have reviewed it carefully, and after doing so, we find that there is ample proof to sustain the finding of the trial judge that Smith did in fact present his petition to Commissioner Wood on January 10th, and that the petition then had upon it the names of at least fifteen qualified electors of Supervisors' District Number 1 of Walthall County.

We shall now pass upon the question whether the statute requires that the petition be presented to the ballot Commissioner,—in this case Dillon,—and, if so, whether such requirement is directory or mandatory. On the first question, it is our opinion that Section 3260 contemplates that the petition shall be presented to the ballot Commissioner, but it is also our opinion that such provision is directory and not mandatory. In the first place, the

power to say whose name is entitled to appear upon the
ballot is vested not in the ballot Commissioner alone but
in the Commissioners as a body. In other words, all
three of the Commissioners are under duty to report and
present to the Commissioners as a body any and all pe-
tions which have been duly presented to any or all of
them, and the Commissioners in session pass upon the
legality and sufficiency of such petition to have the name
of the petitioner appear upon the ballot. In State ex
rel. District Attorney v. Jones, 177 Miss. 598, 171 So. 678,
the petition to have the name of Howard Jones placed
upon the ballot as a candidate for Levee Commissioner
was presented to one of the Commissioners, not shown
to be the ballot Commissioner, which Commissioner in
turn delivered the petition to the Chairman of the Board
of Commissioners. No point was made in the case as to
that, but it does illustrate what has been done in some
cases. Incidentally, it might be said here that Mr.
Wood was Chairman of the Board of Commissioners here
involved.

Again, the proof shows in this case without dispute
that Mr. Dillon, the ballot Commissioner, had been work-
ing in Mobile, Alabama, for some time, and in fact had
never sat with the Election Commissioners before the
time in question. He arrived in Tylertown from Mobile
about 8:30 of the night of January 10th. Mr. Deere con-
tacted him some fifteen minutes after his arrival and
presented to Dillon his petition, but Smith had no notice
or knowledge that Dillon would arrive or had arrived
in Tylertown on that day. Therefore, it was not practical
for Smith to present his petition to Dillon, which, it is
readily preceived, might often be the case.

In McCrary on Elections, Chapter VI, Section 192,
Page 125, it is said: (quoted from Jones v. State, 1 Kan.
273, 279) "unless a fair consideration of the statute shows
that the legislature intended compliance with the provi-
sions in relation to the manner to be essential to the va-
lidity of the proceedings, it is to be regarded as directory

merely.'' .The Mississipi statutes do not show that the legislature intended that the presentation of the petition to the ballot Commissioner is mandatory to the validity of the election.

Smith, having complied substantially with the requirements of the statute, was entitled to have his name appear upon the ballot. Section 3261, Code 1942, provides: ''. . . and every ballot shall contain the names of all candidates nominated as specified, and not duly withdrawn.'' Omission of Smith's name from the ballot was fatal to the validity of the election. With only one name thereon, the voters had no choice. They are entitled to have a choice. The freedom of the voters to choose between qualified candidates is the very foundation of a valid election.

It follows from what we have said that this election was illegal and void, and that the lower court was correct in refusing to grant the writ of mandamus.

Affirmed.

**Smith, C. J.,** concurs in the result.