259 So.2d 692 (1972)
HINDS COUNTY DEMOCRATIC EXECUTIVE COMMITTEE, James Ditto, Chairman, Respondent-Appellant,
v.
Mrs. Jean D. MUIRHEAD, Petitioner-Appellee.
No. 46716.
Supreme Court of Mississippi.
March 20, 1972.
Rehearing Denied April 10, 1972.
*693 Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellant.
Merrida P. Coxwell, Jackson, for appellee.
PATTERSON, Justice:
This is an appeal from the Circuit Court of the First Judicial District of Hinds County wherein a writ of mandamus was directed to the Hinds County Democratic Executive Committee commanding it to certify Mrs. Jean Muirhead as a candidate for nomination to Senate Post No. 5 in the 1971 Democratic Primary election. The committee appeals from this judgment.
The record reveals that Mrs. Muirhead had been a candidate on the Hinds County Democratic ticket for the Mississippi Senate in 1968 and was elected to this office. In 1969 she issued a statement expressing her disenchantment with the Democratic Party and indicated an intention to seek reelection on the Republican ticket.
On May 9, 1971, after deciding to seek another term in the Mississippi Senate, appellee filed a corrupt practices affidavit with the Circuit Clerk of Hinds County in conformity with Mississippi Code 1942 Annotated section 3158.3 (1956). On June 3, 1971, Mrs. Muirhead paid her qualifying fee as a prospective candidate to the Secretary of the Hinds County Democratic Executive Committee as required by Mississippi Code 1942 Annotated section 3121 (1956).
The Hinds County Democratic Executive Committee required that a form be completed by all candidates which was additional to those procedures required by statute and by the State Democratic Executive Committee for certification. This form, in pertinent part, sought to determine whether Mississippi Code 1942 Annotated section 3107-05 (1956), relating to misrepresentation as to party membership, had been violated. This section provides:
If any person shall claim, or represent himself to be a member of a primary political *694 party during any primary election campaign or during any primary election when in fact such person is not eligible under the laws of this state to participate in such primary held by such political party and such person does not intend to support the nomination to be made at such primary election of such political party and such person has not been in accord with such political party holding such primary within the two preceding years, or any part thereof, such person shall be barred from participating in such primary, and in addition to such other measures or penalties provided by law, may be enjoined therefrom upon application to the courts by any person or persons, political party, official or representative of such political party, aggrieved thereby.
Each candidate was requested to complete and return the form not later than June 14, 1971. The appellee refused to do so and notified the Executive Committee of her decision.
The committee met on June 15, 1971, and unanimously voted not to certify the appellee as a candidate in the August 1971 Democratic Primary. The probability of not being able to compete as a candidate in the Democratic Primary influenced Mrs. Muirhead to qualify on June 19, 1971, as a candidate on the Republican ticket.
Subsequent to her election to qualify as a Republican candidate she nevertheless filed on July 13, 1971, a petition for a writ of mandamus seeking to compel the committee to place her name on the Democratic ballot for the August Primary. The lower court directed the mandamus to issue and thereafter denied a request for supersedeas, whereupon the committee sought and obtained a stay of judgment from this Court.
There would appear to be little doubt that the county executive committee is a quasi governmental body subject to suit and judicial review. Mississippi Code 1942 Annotated section 3105 (1956) is in part as follows:
... The county executive committee at such primaries shall discharge the functions imposed upon the county election commissioners, except as to revising the registration and poll books, and shall be subject to all the penalties to which county election commissioners are subject... .
In State ex rel. Rice, Attorney General v. Dillon, 197 Miss. 504, 19 So.2d 918 (1944), we held the power to determine whose name is entitled to appear on the ballot is vested in the election commissioners. Similarly, we think, the Hinds County Democratic Executive Committee is vested by Section 3105 with the power to determine whose name should appear on the party ballot. The exercise of this function is governed by Section 3107-05 appertaining to misrepresentation as to party membership. The terms of this section bestow upon the committee a discretion in concluding whether a person "shall be barred from participating in such primary" by reason of violation of Section 3107-05. Surely this determination, a fact-finding process, is not a mere ministerial act to be perfunctorily performed, but rather is, as it must be by the terms of the statute, a fact-finding process necessitating the use of discretion in arriving at a conclusion. This determination is subject to judicial review. Miss.Code 1942 Ann. §§ 1206 and 1207 (1956). See also § 3228 (1956).
The question is thus presented, whether the lower court erred in issuing mandamus at the time the appellee had a statutory right of appeal.
The proper function of mandamus is to supply a remedy for inaction on the part of an official or commission to *695 whom it is directed. It is not a substitute for, nor intended to serve, the purpose of other modes of review. It can direct an official or commission to perform its official duty or to perform a ministerial act, but it cannot project itself into the discretionary function of the official or the commission. Stated differently, it can direct action to be taken, but it cannot direct the outcome of the mandated function. In City of Jackson v. McPherson, 158 Miss. 152, 155, 130 So. 287, 288 (1930), this rule is well stated as follows:
It is not within the purposes of a writ of mandamus to direct an inferior tribunal to decide an issue of fact in a particular way, when the law has invested that tribunal with original jurisdiction to decide the question for itself. If this were not the rule, the determination of issues of fact, although committed to many different officers and boards in the first instance, would be only advisory to the courts, and local government of all grades would or could be absorbed by, and transferred to, the courts  a proposition obviously contrary to the frame and structure of civil government in this country, and impolitic and impracticable to the last degree. In such cases, where as to the facts there exists any admissible doubt, or in respect to which reasonable men might conscientiously differ, the courts have, with a practical unanimity, declined to interfere by mandamus... .
The action of the Hinds County Democratic Executive Committee in barring the appellee's name from being placed upon the Democratic ballot for its primary of August 1971 was within its lawful authority. The appellee is therefore not aggrieved by inaction of the committee, but rather with the decision which it made barring her name from being placed on the ballot. The remedy arising from the suggested error on the part of the Executive Committee was by way of appeal in compliance with statute and decision of this Court [Powe v. Forrest County Election Commission, 249 Miss. 757, 163 So.2d 656 (1964)] rather than an election to qualify as a Republican candidate and to invoke the extraordinary writ of mandamus. The appellee, in our opinion, in electing to qualify as a Republican candidate, abandoned her privilege to remain a candidate on the Democratic ballot. The two positions are incompatible and though, it is contended, an appeal from the committee's order would be too time-consuming to afford an effective remedy for the assigned error, we nevertheless conclude that this overlooks the policy of this state whereby matters of public interest are subject to being advanced on appeal on proper motion therefor. The appellee was afforded due process of law by the right to a hearing before the committee, by mandamus if necessary, and the right to appeal fortified by advancement on the appellate docket due to public interest. However, this constitutional right of due process was waived, in our opinion, when the appellee elected to forego the appeal and sought instead remedy by affiliating with the Republican Party, for certainly her name could not contemporaneously appear on both party tickets as a candidate.
We are of the opinion that the lower court erred in issuing the writ of mandamus.
Reversed and rendered.
RODGERS, P.J., and INZER, SMITH and ROBERTSON, JJ., concur.