SMITH, Justice,
dissenting:
¶ 13. This case had its genesis in an agreed judgment between the Nicholses and Rutledges, with notable language contained within the judgment that the Chancery Court of Sunflower County was retaining jurisdiction of the case for enforcement purposes. The Nicholses did not abide by the terms and conditions of the chancellor’s judgment. The Rutledg-es filed a request for the chancellor to enforce the chancery court’s judgment and for a contempt citation of the Nicholses.
¶ 14. After a hearing on the contempt, the learned chancellor found the Nicholses in contempt and allowed five days to pay the delinquent payments to purge the contempt, or alternatively, for John Nichols to be incarcerated. Perhaps the chancellor should have also decided to incarcerate Nichols’s wife along with him, but for what ever reason she did not do so and should not be faulted for using such discretion.
¶ 15. Nichols elected to file in this Court a Petition for Writ of Prohibition rather than appeal from an order that was clearly appealable. This Court stayed the proceedings and called for a response from the Rutledges who timely did so.
¶ 16. The majority vacates the chancellor’s order of contempt and grants Nichols’s Petition for a writ of prohibition, finding that the debt at issue here “is anything but an ordinary civil debt in the form of an agreed judgment.” Additionally, finding that the petition for a writ of prohibition *73 was in actuality a petition for extraordinary relief pursuant to M.R.A.P. 21, the majority holds that, “We find that to imprison Nichols for the non-payment of this judgment would violate Article 3, § 30 of the Mississippi Constitution of 1890.” In my view the chancellor could enforce this chancery court judgment by applying contempt, including incarceration. Therefore, disagree with the majority and accordingly, I respectfully dissent.
¶ 17. The Rutledges correctly point out that the agreed judgment was the result of a fully negotiated agreed settlement, and therefore, it is not the ordinary type of money judgment contemplated by Article 3, § 30 of the Mississippi Constitution of 1890.
¶ 18. This Court, in Hinds County Democratic Executive Comm. v. Muirhead, 259 So.2d 692, 695 (Miss.1972), stated that mandamus “is not a substitute for, nor intended to serve, the purpose of other modes of review.” City of Jackson v. McPherson, 158 Miss. 152, 156, 130 So. 287, 288 (1930), states when there is a right to an appeal, “this is ordinarily deemed an adequate remedy so as to preclude the issuance of mandamus to coerce such tribunal in respect to such matter.” See also In re Validation of Bonds of McNeill Special Consol. Sch. Dist., 185 Miss. 864, 188 So. 318 (1939).
¶ 19. Clearly the judgment rendered by the trial court is a final judgment which is appealable. In Common Cause of Mississippi v. Smith, 548 So.2d 412, 415 (Miss.1989), this Court held that “[a] person convicted of criminal or civil contempt may, of course, appeal to this Court. Miss.Code Ann. §§ 11-51-11, 11-51-12 (Supp.1988).” In addition, Miss.Code Ann. § 11-51-12 (Supp.1999) provides for a stay of incarceration upon the execution of an appearance bond. It states in relevant part:
(1) A person ordered by any tribunal, except the Supreme Court, to be punished for a civil contempt, may appeal to the court to which other cases are appealable from said tribunal. If jail confinement is ordered to compel the payment of any monetary sum, the contemnor shall be allowed to appeal upon the execution of an appearance bond, payable to the appellee, with sufficient sureties, in the penalty of one hundred twenty-five percent (125%) of such sum as he has been adjudicated in contempt for failure to pay, unless the court shall determine that a lesser bond should be required. The bond shall be conditioned to abide the results of the appeal.
* * *
(3) All appeals allowed in accordance with the provisions of this section shall operate as a supersedeas.
[[Image here]]
¶20. There is no doubt that the order finding Nichols in contempt and ordering his incarceration is a final appealable order, and therefore, this Court should dismiss the petition as seeking improper review of a final order. However, notwithstanding the fact that Nichols improperly seeks review by means other than an appeal from the final order as he should have done, the petition should also be denied by the Court on the merits.
¶ 21. As previously stated, Nichols agreed to the settlement, and as part of the settlement an agreed judgment would be entered by the chancery court. Unlike an ordinary money judgment, the agreed judgment in this case provided that payments were to be made at specific times. In addition, the agreed judgment provided in part:
16. This Court shall retain jurisdiction of this cause for the purpose of enforcing the terms herein; and,
17. Except for the enforcement of the provisions as set forth in Paragraphs 1 through 16 hereinabove, *74 this cause should be, and it hereby is, dismissed with prejudice with each party to bear their own costs and attorney’s fees.
Miss.Code Ann. § 9-1-17 (Supp.1999) provides:
The Supreme, circuit, chancery and county courts and the Court of Appeals shall have power to fine and imprison any person guilty of contempt of the court while sitting, but the fine shall not exceed One Hundred Dollars ($100.00) for each offense, nor shall the imprisonment continue longer than thirty (30) days. If any witness refuse to be sworn or to give evidence, or if any officer or person refuse to obey or perform any rules, order, or judgment of the court, such court shall have power to fine and imprison such officer or person until he shall give evidence, or until the rule, order, or judgment shall be complied with.
¶22. In my view by entering into the agreed judgment, which required payment of the judgment at specific times, and which also specifically stated that the chancery court retained jurisdiction over the case for the enforcement of the judgment, Nichols waived any claim he might have under Article 3, § 30 of the Mississippi Constitution of 1890.
¶ 23. More importantly, the majority ignores Payne v. State, 462 So.2d 902, 904-05 (Miss.1984), where this Court specifically stated:
The defendant’s assertion here is that an imprisonment for a fine is tantamount to imprisonment for a debt in violation of Article 3, Section 30 of the Mississippi Constitution. This position is meritless as the constitutional section does not extend to a pecuniary obligation imposed by the state as a punishment for crime. The constitution is a prohibition of imprisonment for a personal obligation from one person to another, other than civil contempt of court. Ex Parte Diggs, 86 Miss. 597, 38 So. 730 (Miss.1905).
(Emphasis added.) And in Jones v. Hargrove, 516 So.2d 1354 (Miss.1987), the Court stated:
The law is well settled that upon establishment of a prima facie case of contempt, the defendant may avoid judgment of contempt by establishing that he is without present ability to discharge his obligation, but he has the burden of proving his inability to pay, and such a showing must be made with particularity and not in general terms. Clements v. Young, 481 So.2d 263, 271 (Miss.1985). Nothing in this opinion should be construed to challenge these basic principles. It is also a well-settled rule in this state that the court’s power to commit a person to jail until he complies with the terms of a decree depends upon his present ability to comply with the decree. Wilborn v. Wilborn, 258 So.2d 804, 805 (Miss.1972).
516 So.2d at 1357.
¶ 24. Nichols was given the opportunity at the contempt hearing to put on evidence of his inability to pay the obligation; however he declined to do so. Although he did state in general terms that he was unable to pay, he did not make the showing with specificity as required by Clements. Nichols was therefore afforded all of his rights under the constitution, and the petition should be denied by this Court on the merits.
¶ 25. Contrary to the majority view, this case is not an imprisonment for a private debt, but rather is merely the chancellor’s attempt to enforce her valid judgment. I fear that the majority’s abridgment of our chancellors’ ability to enforce their valid orders, decrees and judgments will have long range, extreme consequences.
¶ 26.I respectfully dissent.
SULLIVAN, P.J., MILLS, AND COBB, JJ., JOIN THIS OPINION.